Welchel *vs.* Thompson.

---

E. C. WELCHEL, plaintiff in error, *vs.* O. B. THOMPSON, defendant in error.

(BROWN, C. J., being related to defendant in error, did not preside.)

1. The pendency of a former suit for the same cause of action is a proper matter to be plead in abatement, and if the parties go to trial on the merits, the defendant can not set this up in law.

2. If, in an application for a partition of lands, the defense be that there has been a partition by commissioners, who made no return, but that the parties had acquiesced, and had subsequently, under said partition, each occupied for several years his portion, as set-off, to the exclusion of the others, and made valuable improvements, so that it would be a fraud upon either to repudiate that division, it is error in the Court to charge the jury that this adverse and independent possession by each of his part, must, in order to constitute a defense to an application for a new partition, have continued seven years.

Partition. Waiver. Former recovery. Before Judge DAVIS. Hall Superior Court. September Term, 1868.

In September, 1868, Thompson filed a petition for the partition of certain land between himself and Welchel. Welchel plead that the land had already been partitioned between them and that each had taken possession of his part pursuant to said partition, and had so held possession for six years. From the evidence it appeared, that in 1862, by order of the Court, commissioners had been appointed to partition said land between Thompson and Welchel's wife, who was then represented by Bramlet, as guardian. The commissioners and surveyor did all that was required by the statutes, except that their return was never reported to the Court, and made the judgment of the Court. Bramlet, as guardian, filed his objection to said partition, and filed a bill to avoid it, this bill was subsequently settled between the parties.

It was shown that Thompson had run a fence along the dividing line made by the surveyor at said partition, and ever after, each occupied his half, Thompson having a tan yard, and cutting bark from his land, and Welchel having improved his by ditching, etc. Thompson testified that he had taken but little bark from his side of the fence, and that he built the fence to keep stock out of his farm, but that he was never satisfied with the partition, and said, at the time, Welchel's half was worth $500 00 more than his, and he went to file his objections to it, but was advised by his counsel that Bramlet's objections already filed were sufficient. The old commissioners and the surveyor swore that they made the division as honestly as they could; that they gave Welchel more bottom land than Thompson got, but Thompson's land was the best. Other witnesses said Welchel's half was worth from $250 00 to $300 00 more than Thompson's.

The Court charged the jury that said first partition was unlawful unless the return of the commissioners had been made the judgment of the Court; that if each took possession of the half set apart by him and acquiesced in it, and for seven years had held possession under it, that would bind them. The jury found in favor of Thompson. Wel-

Welchel *vs.* Thompson.

chel's counsel moved for a new trial upon the grounds that the Court erred in each proposition of said charge, that the verdict was contrary to the evidence, etc., and because since the trial his counsel recollected that when the bill of Bramlet was settled, it was agreed by Thompson that the old partition should stand. The Court refused a new trial, and that is assigned as error.

WIER BOYD, C. R. SIMMONS, by GEORGE HILLYER, for plaintiff in error, cited Irwin's Code, sections 2843, 3426, 3904, *et seq.*, 3920 *et seq.*

E. M. JOHNSON, for defendant.

McCAY, J.

1. The pendency of the first application ought to have been pleaded in abatement. By going to trial on the merits this plea was waived, and the defendant below could not take advantage of it on the trial. Code, secs. 2843, 3404. We do not think there was anything in this point.

2. There was very strong proof that there had been a previous division of this land by commissioners appointed by the Court, under a partition similar to the present. That return was never actually carried to the Court, and made the judgment of the Court, but there was a good deal of proof that the present movant acquiesced in the partition, and that each party had occupied adversely and independently the part allotted to him, and had done more or less improvement upon it.

The Court, in our judgment, erred in charging the jury that this possession and acquiescence, by each of his part, if such there was, must have continued *seven years*. We do not think this was necessary. These parties were tenants-in-common. If the land was divided between them, even by parol or by commissioners, and each accepted his part, went into possession *under the division* and made improvements, it was a good division. The possession did not have to continue seven years to be complete. It became complete when

VOL. XXXIX—36.

possession was taken by each of the part allotted to him, provided this was done pursuant to the partition. Why should this differ from a parol sale of land? We think it stands on just that footing, except that there was no purchase-money. Under the Code, sections 1941, 3131, such a possession as the jury, from this testimony, might have found to have existed, would have been a good part performance. The Court ought to have left it to the jury without the qualification that it must have continued seven years. On this ground we reverse the judgment.