BLACKER *v.* .DUNLOP, and DUNLOP *v.* .BLACKER.

| 93  819|
|d96  340|
| 93  819|
|f109 339|
| 93  819|
|a110 431|

1. An application for a homestead, made in 1873 by a wife, in which she set forth the name of her husband, and alleged that he refused or neglected to apply for a homestead, that he was the head of a family consisting of petitioner and two minor children, and that he desired, under the provisions of the constitution and an act to provide for the setting apart of homestead of realty and personalty, approved October 3d, 1868, to have laid off and set apart to be exempt from levy and sale as a homestead for the use of said family on or out of one undivided half-interest in all of a described tract of land, sufficiently indicated that the property out of which the homestead was sought belonged to the husband; and there being no evidence that he appeared before the ordinary and objected to the proceeding, by plea or otherwise, his assent thereto is presumed.

2. Whether a deed of gift conveying homestead premises in fee to the sole beneficiary for the time being of a homestead, be good or bad with respect to conveying the ultimate estate in the premises after all homestead right has terminated, the deed cannot be asserted against that right so long as the homestead is on foot and operative, whether in behalf of the original beneficiaries, or in favor of new beneficiaries added to the family by a second marriage and the birth of children after the deed was made.

3. A voluntary partition by tenants in common, where partition could be constrained by legal process, will, unless fraudulent or grossly unequal, be upheld as between the parties thereto and their privies in estate, after long acquiescence by such parties, accompanied with a several possession in conformity to the partition, though the interest of one of the cotenants was covered by and embraced in a homstead duly set apart prior to such partition and which has not yet terminated.

June 18, 1894.

Equitable petition. Before Judge MARSHALL J. CLARKE. Fulton superior court.    March term, 1893.

The petition was brought on June 29, 1886, by Mary W. Blacker for herself and her three minor children, against her husband Charles B. Blacker, Mrs. Blankenship, his daughter ᐧby a former marriage, and H. C. Dunlop, to recover possession of seven acres of land with mesne profits.    This land is part of 13.77 acres

conveyed to Blacker and Martin on April 5, 1873.    In
October of that year, on the application of Blacker's
first wife, Mary M. Blacker, a homestead was set
apart " on or out of one undivided half-interest " in said
13.77 acres, for the benefit of the applicant and her two
minor children.    Her application contained the recitals
stated in the first part of the opinion.    She died in 1876,
leaving a minor child Lillian, now Mrs. Blankenship.
Blacker married his second wife (plaintiff) on May 8,
1877.    In June, 1875, Blacker and Martin, by consent,
ran a dividing line through the 13.77 acres, upon which
line was built a fence, Blacker taking the seven acres
in controversy and Blankenship the remainder.    A deed
from Martin to C. B. and Mary M. Blacker, dated June
22, 1875, conveying said seven acres, was in evidence.
Defendant (Dunlop) introduced a deed dated May 4,
1877, from Blacker to his daughter Lillian, and a deed
from her to Dunlop, dated July 5,. 1886, each convey-
ing the property in dispute.

Under the charge of the court, the jury found that
plaintiff recover possession of an undivided half-inter-
est in the seven acres as a homestead, with $622 mesne
profits.    Each side moved for a new trial, the material
grounds of which motions will appear from the opinion.

DORSEY, BREWSTER & HOWELL and GEORGE WESTMORE-
LAND for plaintiff.    CANDLER & THOMSON, for defendant.

SIMMONS, Justice.

It appears from the record that in 1873, a homestead
in certain property, including the land in dispute, was set
apart by the ordinary of Fulton county upon the appli-
cation of Mrs. Mary M. Blacker, the first wife of Charles
B. Blacker.    On the trial of the present case the record
of the homestead proceedings was admitted in evidence
by the court below, over the objection of defendant
that the homestead was invalid because the application

did not show out of whose property the exemption was sought; and to this ruling the defendant excepted. The application, it is true, does not in so many words say from whose property the exemption is sought, but we think there is enough in it to put any one reading it upon notice that it refers to property of the husband. It is alleged therein that the petitioner's husband, whose name is given, refuses or neglects to apply for a homestead, that he is the head of a family consisting of petitioner and two minor children, and that he desires, under the provisions of the constitution, and an act to provide for the setting apart of a homestead, approved October 3, 1868, to have laid off and set apart, to be exempt from levy and sale, a homestead on or out of one undivided half-interest in the land therein described. Taking these allegations together, we think they indicate sufficiently that the homestead is claimed in this land as property of the husband. There being no evidence that the husband appeared before the ordinary and objected to the proceeding by plea or otherwise, his assent thereto will be presumed. *Bowen* v. *Bowen*, 55 *Ga.* 182; *Linch* v. *McIntyre*, 78 *Ga.* 209. As will be seen from an examination of the cases relied upon by counsel for the plaintiff in error on this point, the application in each of those cases was different from the application in this case. Besides, the party attacking the homestead right in this case was claiming under the husband, as in the case of *Linch* v. *McIntyre, supra*, and did not stand on the footing of a creditor of the husband, as was pointed out in that case.

2. The record shows that the first wife died leaving one child as sole beneficiary of the homestead. A deed from Blacker to this child, dated a few days before his second marriage, was introduced in evidence; and it was contended by the plaintiff that the deed was antedated. It was sought to be shown by this deed that the

second wife had no interest in the property, inasmuch as the father had conveyed it to the sole beneficiary. This court has repeatedly held that the homestead continues as long as there are beneficiaries, or as long as the head of the family has a wife or minor children. This being true, the head of the family cannot convey the premises to one of the beneficiaries or to any one else and deprive the other beneficiaries of the use of the estate, whether they be the original beneficiaries or new beneficiaries added to the family by a second marriage and the birth of children after the deed was made.

What effect the deed of gift to the sole beneficiary will have after the homestead right has terminated, it is not now necessary to decide. What we do decide is, that it cannot be asserted against that right so long as the homestead is on foot and operative, whether in behalf of the original beneficiaries or in favor of new beneficiaries added to the family by the second marriage.

3. After the homestead was set apart in the undivided tract of land, Blacker and his cotenant partitioned the tract, Blacker taking one portion and his cotenant the other. This was done shortly after the homestead was set apart. It appears that after Blacker married his second wife, he carried her to his home, which was upon the land which had been partitioned to him, and lived with her for several years, and finally left her. She remained in possession of that portion of the land until Dunlop purchased it from Mrs. Blankenship, to whom Blacker had made the deed of gift as sole beneficiary. Dunlop by some means had ousted the tenant of Mrs. Blacker; whereupon she brought this action to recover the homestead from Dunlop. On the trial of the case the trial judge charged the jury, in substance, that the partition was illegal, and that if Mrs. Blacker recovered at all, she could only recover an undivided interest in the whole tract; that inasmuch as she had only sued for

half of it, she could only recover an undivided interest in that half. We are of the opinion that either of these cotenants could have constrained a partition by process of law, and inasmuch as they did voluntarily what the law would have compelled them to do, the partition made between themselves will be upheld as between them and their privies in estate, after a long acquiescence in such partition by the parties making it, accompanied with a possession by each of the parties in conformity to the partition, unless the partition was fraudulent or grossly unequal; and this is true notwithstanding the interest of one of the cotenants was covered by and embraced in the homestead set apart prior to such partition and which has not yet terminated. No fraud or injustice in the partition is complained of in this case; it appears that the land was fairly and equally divided, and the partition was acquiesced in for a long number of years. Under this state of facts a court of equity will recognize, ratify and adopt the partition made by the parties themselves, and place the homestead estate upon that half of the land given to the homesteader in the partition, and remove it from the other half given to his cotenant. For these reasons we think the court erred in his charge to the jury on this subject.

Judgment is *reversed* on the bill of exceptions brought here by Mrs. Blacker, and *affirmed* upon the bill of exceptions filed by Dunlop.