RALPH *et al. v.* WARD.

1. The notice which the Civil Code, § 4790, requires partitioners of realty to give to all parties of the time of executing the writ need not be in writing.
2. While tenants in common of realty may agree among themselves to divide the same and assign to each his proportionate part, and while, if such a division is made and each tenant takes possession of the part assigned to him, such agreement will bind them, their heirs and privies, yet if such an agreement is made and not fully executed by each one taking possession of his part, and thereafter some of the tenants in common execute mortgages upon their undivided interests in the whole tract, and these

mortgages are foreclosed and the undivided interests sold by the sheriff under the mortgage fi. fas. to the mortgagee who had *no notice or knowledge* of the division, he is not bound by such division ; nor can a tenant who did not mortgage his interest set up as against the purchaser, or a vendee of the latter, his long and uninterrupted possession of that part of the land of which he had taken possession under the agreement of division.

Argued November 4, — Decided December 1, 1899.

Partition. Before Judge Spence. Stewart superior court. April term, 1899.

*J. B. Hudson* and *B. F. Harrell & Son*, for plaintiffs in error. *Arthur Hood* and *Clarke & Harrison*, contra.

SIMMONS, C. J. Mrs. Ward filed her petition for partitioning a certain tract of land in Stewart county, claiming that she owned a three-fourths interest in it, and that the heirs of Isham Ralph owned the other one-fourth interest. Partitioners were appointed in accordance with the code by the judge of the superior court; and they proceeded to partition the land and set aside to Mrs. Ward her three-fourths interest. They made their return to the superior court in accordance with the provisions of the code, and in that return they stated that all parties at interest had received the notice required by law. At the term at which the return of the partitioners was to be made the judgment of the court, the administrator of Isham Ralph, and his heirs at law, moved to set aside the return of the commissioners, on the ground that they had not received the eight days notice provided for in the code. Testimony was taken upon this question, which shows that they had received verbal notice of the time and place when the partitioners were to meet and partition the land; but none of them had received written notice. The trial judge overruled the motion to quash the return of the partitioners, holding that it was not necessary that parties should have written notice, but that verbal notice of the time and place, etc., was sufficient. To this ruling the defendants excepted.

1. Section 4790 of the Civil Code requires that partitioners, after they have been appointed by the order of the court, shall give all the parties eight days notice, if possible, of the time

of executing the writ. The section is silent as to whether the notice shall be verbal or written; but inasmuch as there is no provision made for any return of such notice, or any entry thereof on any of the papers in the proceedings, we think that verbal notice was sufficient when the return of the commissioners alleges that notice was given. If written notice had been given, it would have been just as easy for the defendants to have said that they had not received that, as it was for them to have said that they had not received verbal notice. The section provides no means nor any manner for the making of any return, or the entry thereof, by the partitioners. It is not like the service of process in a suit, where the original is retained in the office, the clerk issues a copy, and the sheriff serves the copy and makes a return on the original. We therefore think that the verbal notice given by the partitioners to the defendants was sufficient, especially when they appeared and moved to set aside the return because of the want of written notice. They at least had notice sufficient to cause them to attend the court and make the objections above alluded to. If defendants appear in accordance with the notice they have received and contest with the plaintiff, that notice is sufficient. We therefore think the trial judge was right in denying the motion to set aside the return of the partitioners, and to have them to re-execute the writ of partition and give the defendants written notice.

2. It seems from the record that J. L. Wimberly and C. M. Lowe conveyed these two lots of land now in dispute to Isham Ralph, Nelson Ralph, Stephen Ralph, and Wilson Wright, by a deed dated 31st day of December, 1879. It further appears that Wilson Wright, one of the tenants in common, had mortgaged his undivided one fourth interest in the land to E. H. Keese; that Keese had foreclosed the mortgage upon Wright's undivided interest, and the fi. fa. was levied upon Wright's undivided interest, which was sold by the sheriff and purchased by Keese, the mortgagee. It further appears that Stephen Ralph had mortgaged his one-fourth undivided interest to Keese; that the mortgage had been foreclosed and this interest sold, and purchased by Keese; and that Nelson Ralph had also

mortgaged his one-fourth undivided interest to Keese, which had been sold, and bought in by Keese. Keese sold and conveyed his three-fourths undivided interest to Mrs. Ward, the plaintiff. On the trial of the case the defendants proposed to show that, after they purchased from Wimberly and Lowe, Wright failed to pay his part of the purchase-money, and Isham Ralph paid it; that they made a division of the lands among themselves; and that lot 95 was assigned in the division to Isham Ralph, the intestate of Hawes, administrator, and the father and grandfather of the other defendants; and that he went into possession thereof, and remained in possession until his death. They also proposed to show that Keese, the mortgagee, knew that Isham Ralph was in possession of lot 95. The court excluded this evidence, and defendants excepted. In our opinion, there was no error in rejecting this evidence. While it is true that tenants in common may agree among themselves to divide the land and assign to each tenant his proper portion thereof, and that a division so made, if acquiesced in, will bind them, their heirs and privies, yet if they make a private or secret division among themselves, and after this division some of them execute mortgages to their undivided interest in the whole tract, and these mortgages are foreclosed, and at the sale under the mortgage fi. fas. the mortgagee becomes the purchaser without notice or knowledge of the division which has been made, he is not bound by such division; and the administrator of the tenant in common who did not mortgage his interest can not set up this division against the purchaser, and show that in accordance with the division his intestate entered upon a part of the tract and remained in possession from that time until his death. And this is especially so where the mortgaged property was advertised by the sheriff as being the one-fourth undivided interest of the mortgagor, and the sale was had in accordance with this advertisement. Each tenant has a right to occupy his proportionate part of the land owned by him as tenant in common, and his long and uninterrupted possession of that part of the tract so owned by him would not be notice to a purchaser that a division had been made, and that he occupied it under the division, especially when no deed

passed between the tenants in common, and the deed under which they claim as such tenants was on record, granting the land to them as such tenants in common. Under the views above expressed, the proper result was reached, without regard to the character of the evidence.

*Judgment affirmed. All the Justices concurring.*