*C. D. & F. K. McCutchen,* contra.

---

## SMITH *v.* SMITH.

1. A ground of a motion for a new trial which merely stated that evidence of a named witness was ruled out, by which the plaintiff "sought to show" certain things, set out no practical question for decision by this court. What an attorney or party "sought to show" by a witness is not synonymous with what the witness testified, or would have testified, or even was expected to testify.
2. A ground of a motion for a new trial which only states that the court erred in "ruling" a certain thing, without showing whether the "ruling" was made in connection with the admission or rejection of certain specified evidence, or in the charge, or how it was made, presents no sufficient ground for decision by this court.
3. A ground of a motion for new trial because of the admission of certain evidence should show what objection was made to it.
4. An application for partition alleged that a certain person was tenant in common with the applicant, of lands devised by a will creating an estate for life, with remainder over, and was in possession thereof. The respondent filed objections in which he asserted that he was in possession of the land as executor of the testator, and not as an individual, that as such executor he was entitled to possession of the estate until it should be fully administered, and that the applicant could not have partition against him as an individual devisee. He also filed equitable pleadings, not withdrawing his objection, but setting up that he had expended considerable sums in placing valuable improvements on the property and fertilizing the land, and that on a fair and equitable division he would have an interest of the value of $2,700 as against an interest on the part of the applicant of the value of $250, or in that ratio, and praying that the land be divided so as to give him that part of the land on which his improvements were located. By amendment he alleged that there had

been an agreed division, followed by possession and the making of valuable improvements on the part which it was agreed he should have. He claimed that a writ of partition should not issue, because partition had already been made, but, if it were issued, that the partitioners should be directed to define the boundaries according to the agreement. On the trial the applicant introduced evidence, and the respondent followed with rebutting evidence. *Held*, that it was error to hold that the respondent was entitled to the opening and conclusion of the argument. *Massengale* v. *Pounds*, 100 *Ga.* 770 (28 S. E. 510); *Dorough* v. *Johnson*, 108 *Ga.* 812 (34 S. E. 168); *DuBignon* v. *Wright*, 122 *Ga.* 263 (50 S. E. 65).

5. Partition of land by agreement is such a contract as must be in writing, under the statute of frauds.

6. If two tenants in common make a parol partition of lands, and each takes exclusive actual possession thereunder of the part assigned to him, and one or both substantially improve the parts so assigned respectively, the partition will be consummated so as to be binding on them.

7. A life-tenant of land has the right of possession, and remaindermen have no right to enter and take possession during the continuance of the life-estate, under a parol agreement of partition, so as to consummate it, unless by consent of the life-tenant, waiving or releasing his right of possession in favor of the remaindermen.

8. Improvements made upon land by a life-tenant, as a general rule, pass to the remaindermen, and they can not be required to make compensation therefor.

9. If a life-tenant, acting for himself or through another, with his own means or the proceeds of the life-estate, which belonged to him, improved the property, upon the termination of the life-estate such improvements would inure to the common benefit of the remaindermen, in the absence of any agreement to the contrary.

(a) This is true although the person acting for the life-tenant and employing the money or property of the latter or proceeds of the estate, belonging to the life-tenant, to make the improvements, may have been one of the remaindermen living on the place with the life-tenant.

10. If two persons are tenants in common of a tract of farming land, and one of them has made permanent improvements on a portion thereof bona fide for the purpose of improving the property, and not of embarrassing his cotenant, or encumbering the estate, or hindering partition, when partition is sought between himself and his cotenant a court having equitable jurisdiction may take into consideration the improvements so made, in dividing the land, and may assign to the tenant who made the improvements that portion of the property on which they are situated, the division being made on the basis of the unimproved value, if the nature of the property and the improvements, and the situation of the latter, are such as to render it practicable, and it can be done without injury or injustice to his cotenant.

11. It is not a bar to the application of this rule, in equitable partition, that the improvements may have been made by one of the remaindermen in fee simple during the continuance of the life-estate, provided they were made by him as remainderman from his own funds or property, and

not merely on behalf of the life-tenant, or as a representative of the life-tenant, by using the funds or property of the latter, or simply for the beneficial use of the life-estate, which he was enjoying with the life-tenant.

Argued February 5,—Decided August 12, 1909.

Application for partition. Before Judge Edwards. Douglas superior court. July 13, 1908.

*W. A. James,* for plaintiff.

*Roberts & Hutcheson* and *J. H. McLarty,* for defendant.

LUMPKIN, J. Reuben H. Smith made application to have certain farming land, comprising about seventy acres, partitioned between himself and his brother, alleging that they were remaindermen in fee simple under the will of their father, after a life-estate devised to their mother, who had died before the application was made. The defendant filed objections to the application, and also filed equitable pleadings by which he claimed that a parol partition had been made between himself and his brother during the continuation of the life-estate, and that this had been followed by possession and the making of improvements by him. There was no evidence of any consummation of the partition in severalty or improvements after the death of the life-tenant. Under the evidence and the charge of the court, the jury found in favor of the defendant for that portion of the land claimed by him. A motion for a new trial was made and overruled; and the plaintiff excepted.

An agreed partition of land is such a contract as is required to be in writing, under the statute of frauds. A mere parol partition, without more, will not suffice. In some States it is held that a parol partition, though consummated by possession under it and acquiescence in such possession will not vest the legal title in severalty, unless the possession be continued for a sufficient length of time to raise the bar of the statute of limitations, or confer title by prescription. In equity the rule is generally recognized that a parol partition, followed by exclusive possession in severalty and the exercise of ownership by the parties respectively for a considerable length of time, with the acquiescence of all concerned, will give an equitable title and right of exclusive possession to each cotenant. In this State, where the distinction between proceedings in law and equity is not so closely observed as in some others, it has

been held, that, "Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity, and is thus the equivalent of legal title." *Adams* v. *Spivey,* 94 *Ga.* 676 (20 S. E. 422); *Welchel* v. *Thompson,* 39 *Ga.* 559 (99 Am. D. 470); *Blacker* v. *Dunlop,* 93 *Ga.* 819 (21 S. E. 135); *Ralph* v. *Ward,* 109 *Ga.* 363 (34 S. E. 610). In this case there was no written contract of partition; but there was evidence tending to show a parol contract, which it was contended was consummated and became effective. A life-tenant in land is entitled to the possession and use of it to the exclusion of the remaindermen. They have no right to possession until the termination of the life-estate. They could not, therefore, lawfully consummate a parol agreement to divide their remainder estate by taking possession in severalty of their purparts during the continuance of the life-estate, unless the life-tenant relinquished or released his right and permitted the remaindermen to take possession as such. There is no evidence of any such release or agreement on the part of the life-tenant here. Hence there was no evidence of a lawfully consummated partition by the remaindermen. After the termination of the life-estate, one of the remaindermen applied for a partition. The other sought to set up certain equities. He alleged the making of certain improvements by him, and sought to have the partition, if allowed, so made as to set apart to him that portion of the land on which the improvements were located. Improvements made by a life-tenant usually attach to the estate and pass to the remaindermen, after the termination of the life-estate, without liability on their part to make compensation therefor. If there are two remaindermen, improvements made by the life-tenant as such would inure to the benefit of both of them. If the defendant, in making the improvements during the life-estate, alleged by him in his equitable cross-petition, merely represented the life-tenant, acted for her, and made the improvements with her funds, or proceeds of the life-estate, belonging to her, they would fall under the rule above stated, unless some agreement as to the making of them were shown which would change the general rule. If one remainderman as such made the improvements, acting, not for the life-tenant, but for the improvement of the property, with

his own funds, and relying on a parol agreement for partition, they would not stand as improvements made by the life-tenant within the rule stated; but if permanent in character and benefiting the remainder estate, in equity they would be taken into consideration in making the partition by a division of the tract of land and determining which part to assign to him, after the termination of the life-estate, if so doing would not injuriously affect the cotenant. Such permanent improvements, however, must have been placed upon a portion of the land by the cotenant bona fide for the purpose of improving the property, and not of embarrassing his cotenant, or encumbering the estate, or hindering partition. It has been said, in reference to an allowance for improvements by a cotenant, that "the most equitable mode of making such an allowance is to assign to the tenant who has made the improvements that portion of the property on which they are situated, the division being made on the basis of the unimproved value; and this is the method which is adopted whenever the nature of the property and the improvements, and the situation of the latter, are such as to render it practicable, and it can be done without injury to the other cotenant." 16 Am. & Eng. Enc. Law (2d ed.), 112. We are not now dealing with any effort to hold a cotenant liable for improvements, or to charge the land with them, or have any accounting for them, but with things which may be considered in assigning one part of a tract of land to one cotenant, rather than to the other, upon equitable partition. If the improvements were not placed upon the property to improve it permanently, but only for the benefit of the life-estate, under some arrangement between the defendant and the life-tenant by which he enjoyed in part such life use, the rule just stated would not apply. See, on the general subject, 16 Am. & Eng. Enc. Law (2d ed.), 111 et seq., and citations; 21 Id., 1137 et seq.; Knapp on Partition, 377, 387; Freeman on Cotenancy and Partition (2d ed.), §§ 400, 509; Broyles *v.* Waddell, 67 Tenn. (11 Heisk.) 32; Hall *v.* Piddock, 21 N. J. Eq. 311 (3); Brookfield *v.* Williams, 2 N. J. Eq. 341; Civil Code, §§ 4783, 4785, 4796. The headnotes require no further elaboration. The judgment must be reversed and the case remanded for another trial upon proper issues raised by the pleadings and the evidence.

*Judgment reversed. All the Justices concur.*