BROWDER-MANGET COMPANY *v.* WEST END BANK.

LUMPKIN, J. 1. A petition alleged in substance as follows: A gave to B his promissory note, which was afterwards indorsed to T, and by T to the plaintiff. Upon maturity of the note, B, the payee and first indorser, gave his bank-check to the plaintiff, who surrendered to him the note, which was then by B surrendered to A. The check was dishonored by the bank upon which it was drawn. The plaintiff demanded of A and B the note, offering to return the check; but they refused to return the note or pay it. B has been adjudicated a bankrupt. The plaintiff can not attach a copy of the note. Notice of intention to sue has been given. *Held:*

(*a*) A bank-check is not payment until it is itself paid. Civil Code (1910), § 4314. There was nothing in the petition to show that the parties intended to change this general rule of law.

(*b*) In a suit on such note by the last holder against the maker thereof, the petition alleging the foregoing facts set forth a cause of action, and the court did not err in overruling a general demurrer thereto.

(*c*) Some of the other grounds of demurrer, not being argued in the brief of the plaintiff in error, will be considered as abandoned. Others were without merit.

2. Where from the petition in a suit on a note it does not appear that it contained any provision relative to the collection of attorney's fees, attorney's fees can not be recovered, although the plaintiff served the

defendant with the notice provided by the Civil Code (1910), § 4252, of his intention to bring suit upon the note. That section is applicable only to cases in which there is an agreement in the note to pay attorney's fees.

(a) It not appearing from the petition that the note sued on contained an agreement to pay attorney's fees, that part of the verdict providing for the recovery from the defendant of ten per cent. on the principal and interest as attorney's fees is contrary to law; and direction is given that the same be written off from the judgment by the defendant in error within twenty days after the remittitur from this court is filed in the office of the clerk of the superior court, or the judgment will stand reversed.

3. The admission of the testimony contained in the first ground of the amended motion for new trial, given by a witness in response to questions propounded by counsel for defendant (the movant for a new trial), was not error for the reason assigned.

4. In order for the refusal of the trial judge to permit a witness to answer a certain question propounded to him by counsel for the party introducing him to constitute a ground of a motion for a new trial, it must appear what the defendant expected the witness to answer, and that the trial judge was so informed at the time the question was propounded. A mere statement that the defendant "sought" to show certain things is not sufficient.

5. It not appearing that the request to charge contained in the sixth ground of the amended motion for new trial was made in writing, the refusal to instruct the jury as contained therein was not error.

6. The excerpt from the charge complained of in the seventh ground of the amended motion for new trial is not subject to the criticism urged against it.

7. The other grounds of the amended motion relate to the question of attorney's fees, and, since we hold that attorney's fees can not be recovered under the allegations of the petition and have directed that the same be written off from the judgment, need not be considered.

8. The verdict was supported by the evidence, except as to the attorney's fees; and the court did not err in overruling the motion for new trial in other respects.

*Judgment affirmed, on condition. All the Justices concur.*
JULY 19, 1915.

Complaint. Before Judge Ellis. Fulton superior court. July 3, 1914.

*Moore & Pomeroy,* for plaintiff in error.
*Green, Tilson & McKinney,* contra.