## REED *v.* MATHEWSON.

A parol agreement between tenants in common for partition of land held by them as such, when carried out by the parties taking exclusive possession in sevèralty according to the agreement, may be confirmed and enforced by decree.  A petition for specific performance of a parol partition of land is defective if the possession of the several cotenants as to the portion allotted to each is not alleged to have been of that exclusive character which demands a conclusion that the parties took possession of their respective allotments with the intent to give effect to the parol division.

MAY 17, 1917.  ·

Petition for specific performance.   Before Judge Pendleton. Fulton superior court.   July 10, 1916.

Mrs. O. L. Reed filed a petition against J. H. Mathewson, alleging that they were common owners and tenants in common of a certain described tract of land, the plaintiff owning a two-thirds undivided interest and the defendant an undivided one-third interest therein; that about the————day of January, 1914, the defendant and the plaintiff orally agreed to partition the land and employed a civil engineer to make a division between them.   The civil engineer surveyed the entire tract and made a plat of the same and also established a dividing line between the common owners, according to a plat attached which shows the lots assigned to each.   "That immediately after said tract of land was partitioned and the dividing line between them was mutually agreed upon and established, said Mathewson took possession of the portion allotted to him in said division, and your petitioner took possession of the portion partitioned and allotted to her; that since said partition and division of said property, your petitioner has paid out and expended several hundred dollars by way of improvements upon her share of the division."   And a few days subsequently to the partition and division she, at the special instance and request of the defendant, prepared a warranty deed from herself to the defendant, conveying to him her undivided two-thirds

interest in the portion allotted to the defendant, duly executed the same and tendered the deed to the defendant, and at the same time she presented to the defendant a like deed for his execution, conveying to her his one-third undivided interest in the portion of land allotted to her in the partition, but the defendant refused to accept plaintiff's deed to her two-thirds interest in the portion of land allotted to him and refused to execute a deed conveying to plaintiff his one-third interest in the portion of land allotted to her in the division. Whereupon she prayed that the defendant be decreed to execute proper title deed to his one-third interest in and to that portion of the land allotted to plaintiff on partition and division, and that he be required to accept a proper title deed to petitioner's interest in that portion of the premises allotted to him in the division, and for general relief. The defendant filed general and special demurrers. On the hearing the court sustained the special demurrer calling for more specific allegations as to how and when and for what plaintiff spent money for improvements, and she was given ten days in which to amend. The other grounds of the demurrer were not passed upon. The plaintiff failing to amend as directed, a judgment was entered sustaining the general demurrer and dismissing the petition.

*John F. Methvin,* for plaintiff.

*Robert C. & Philip H. Alston,* for defendant.

EVANS, P. J. (After stating the foregoing facts.) The law respecting contractual partition of land is so aptly stated in *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414), that we take the liberty of repeating it: "An agreed partition of land is such a contract as is required to be in writing, under the statute of frauds. A mere parol partition, without more, will not suffice. In some States it is held that a parol partition, though consummated by possession under it and acquiescence in such possession, will not vest the legal title in severalty, unless the possession be continued for a sufficient length of time to raise the bar of the statute of limitations, or confer title by prescription. In equity the rule is generally recognized that a parol partition, followed by exclusive possession in severalty and the exercise of ownership by the parties respectively for a considerable length of time, with the acquiescence of all concerned, will give an equitable title and right of exclusive possession to each cotenant. In this State, where the distinction

between proceedings in law and equity is not so closely observed as in some others, it has been held, that, 'Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity, and is thus the equivalent of legal title.' *Adams* v. *Spivey,* 94 *Ga.* 676 (20 S. E. 422) ; *Welchel* v. *Thompson,* 39 *Ga.* 559 (99 Am. D. 470) ; *Blacker* v. *Dunlop,* 93 *Ga.* 819 (21 S. E. 135) ; *Ralph* v. *Ward,* 109 *Ga.* 363 (34 S. E. 610)." None of the cited cases involved specific performance of a parol contract of partition, and in all of them the proof of actual possession in execution of the parol contract for partition was clear and definite. The statute of frauds is applicable to a contract for the partition of land; and when such a contract rests in parol, there must be part performance to take it out of the statute. When cotenants make a parol partition of land among themselves, and each one takes exclusive possession of his own share thus allotted, such possession is deemed part performance of the contract, and a court of equity will confirm and enforce the division by decree. Pomeroy on Specific Performance, § 121. "Acts to be deemed a part performance should be so clear, certain, and definite in their object and design, as to refer exclusively to an agreement completed of which they were a part execution." Hawkins *v.* Holmes, 1 P. W. 770. As the absence of a writing required by the statute of frauds is in some measure supplied by the physical fact of possession, that fact must be clearly alleged, and proved with certainty, before specific performance will be decreed of a parol contract relating to land. It is the physical fact of exclusive possession of the allotted parts in severalty which constitutes the part performance. The petition alleges that, after the partition by the surveyor, each cotenant took possession of his respective portion allotted to him; but in the next paragraph it is stated that the partition was repudiated "a few days subsequent to the partition and division of said land," when the defendant refused to execute deeds confirmatory of the partition. The allegation of prompt disavowal of the division by the defendant is to be taken in connection with the allegation that the cotenants entered into possession of their respective allotments. When thus considered, the allegation of possession is insufficient as a positive statement of

fact that the cotenants took possession of the portions respectively allotted to them, in execution of the parol partition, as mutual deeds were contemplated to execute the partition. The allegation respecting improvements made upon the land was eliminated when the court sustained the special demurrer and the plaintiff refused to amend. The petition is defective as one for specific performance of a parol partition of land, because the possession of the several cotenants as to the lots assigned to them is not sufficiently alleged to be of that exclusive character demanding a conclusion that the parties took possession of their respective allotments with intent to give effect to the alleged parol division.

*Judgment affirmed. All the Justices concur.*