*J. B. Hicks* and *Dan R. Bruce,* contra.

---

DANIEL *et al. v.* MAYNARD *et al.*

ATKINSON, J. J. F. Daniel, Mrs. Martha L. Wilson, M. B. Daniel, each separately, and Mrs. Annie Johnson and Frank Sawyer jointly filed ejectment suits in Wilcox superior court against Lillie Mae and Myrtle Maynard. The suit of each was for a one-seventh undivided interest in land lot 204 of Wilcox County, containing 490 acres. After the institution of such suits the defendants Lillie Mae Maynard and Myrtle Maynard filed an equitable petition against the plaintiffs in the ejectment suits, and R. S. Daniel, A. T. Daniel, J. S. Daniel, Olis Crump, Mrs. M. M. Mann, Mrs. L. M. Maynard, and J. D. Maynard, asking that such suits be enjoined, and seeking other equitable relief as will presently be indicated. The general purport of the allegations of the petition was as follows. The plaintiffs are owners in fee simple of all the land lot 204 in the first district of Wilcox County, except a certain tract containing about 70 acres in possession of A. T. Daniel, another tract containing about 90 acres in the possession of M. M. Mann, and another tract containing about 51 acres in possession of Olis Crump. The lot of land was formerly owned by Thomas C. Mitchell, who about the year 1880 executed a deed conveying the entire land to Margaret L. Daniel, since deceased, for and during her natural life, and after her death to her seven children, to wit, Martha L. Wilson, John F. Daniel, M. B. Daniel, R. S. Daniel, A. T. Daniel, J. S. Daniel, and Mrs. Lilla Sawyer. The last-named child predeceased her mother, and was herself predeceased by her husband. There was no administration of her estate, and her sole heirs at law are her two children, Frank Sawyer and Mrs. Annie Johnson. There was an informal agreement between Mrs. Margaret L. Daniel and her seven

children, made prior to her death, that a division of the land should
be made between the children. The agreement was in parol and was
carried into effect, the land being divided and each child taking pos-
session of the part allotted to him in severalty, except one who took
other property as hereinafter stated. After the division each child
receiving portions of the lot in severalty sold and received the pro-
ceeds from the sales of their respective allotments, except A. T. Daniel.
An abstract of mesne conveyances is attached, showing warranty deeds
from the several children, except that in one instance there was a
judicial sale under a mortgage foreclosure. The division of the land
gave each child 70 acres either in quantity or the equivalent in value,
so as to equalize the distribution. John F. Daniel had a deed made
directly from Margaret L. Daniel to J. D. Maynard, a purchaser, con-
veying his portion of the division. J. S. Daniel sold 25 acres of his
portion to one person and the balance to another, and had his mother
to' make deeds directly to the purchasers, one of them being Olis
Crump, who is now in possession. After the division had been made
and six of the children had received their allotments in severalty, the
balance of the lot would have belonged to M. B. Daniel, one of the
plaintiffs in the ejectment suit, but he and his mother desired that
he have " the old home place," being a part of a different lot; and in
consideration thereof M. B. Daniel surrendered his interest in land
lot 204 to his mother, who conveyed it to J. D. Maynard. This last
deed does not accurately describe the land conveyed, but declares it to
be the balance of land lot 204 not apportioned to the other children,
and it is alleged that it was afterwards conveyed to plaintiffs. The
petition further alleges that the deed from Margaret L. Daniel con-
veying to J. D. Maynard the land apportioned to John F. Daniel, and
made at the request of John F. Daniel, does not accurately describe the
property, but that John F. Daniel was in actual possession thereof and
that it was afterwards conveyed to plaintiffs. The plaintiffs claim
title to all of the land except the separate parcels in possession of A.
T. Daniel, M. M. Mann, and Olis Crump, as hereinbefore stated, under
warranty deeds executed to them by Mrs. L. M. Maynard and J. D.
Maynard, who themselves derived title either immediately or remotely
from the children of Margaret L. Daniel, who had participated in the
division hereinbefore mentioned. Other allegations were, that, to avoid
a multiplicity of actions, preserve and perpetuate the facts on which
plaintiffs' title rests, quiet the title to the property, and do full
and completely equity, it is proper that a court of equity take juris
diction of the entire matter, enjoin the plaintiffs in the ejectment
suits, and compel them to assert in this suit such rights as they may
have in the property. The prayers were: (a) That each of the plain-
tiffs in the ejectment suits be enjoined from prosecuting such suits and
be required to plead in the present suit. (b) That Mrs. Mann, J. S.
Daniel, A. T. Daniel, and Olis Crump be required to come into court
and set up such title in the property as they have. (c) That, in the
event it should be found there was no formal division, title be decreed
in petitioners to all the land received by Lilla Sawyer, Martha L. Wil-
son, John F. Daniel, and all that was received by J. S. Daniel except
that part which passed to Olis Crump. (d) That J. D. Maynard and

Mrs. L. M. Maynard, as immediate grantors to plaintiffs and warrantors of their title, be bound by whatever decree should be made in the case. (e) That it be decreed that R. S. Daniel has no further interest in the property. (f) That process issue requiring all the defendants to answer the complaint. A demurrer was filed by John F. Daniel. Mrs. Martha L. Wilson, M. B. Daniel, R. S. Daniel, A. T. Daniel, Frank Sawyer, and Mrs. Annie Johnson, the demurrer being both general and special. Some of the grounds of the demurrer were sustained by an order striking certain portions of the petition, and others were overruled. The defendants excepted to the judgment in so far as it overruled any of the grounds of the demurrer. Held:

1. On the basis of an informal division among the children made by Margaret L. Daniel and acceptance by the children of the portions of the land allotted to them in severalty, and enjoyment and subsequent disposition thereof by them, some of the property finally passing by mesne conveyances to the plaintiffs and other parts of it to some of the defendants, the allegations of the petition were sufficient to state a cause of action. Dixon v. Patterson, 135 Ga. 183 (69 S. E. 21); Reed v. Mathewson, 146 Ga. 819 (92 S. E. 632), and cases cited. And inasmuch as the plaintiffs in the ejectment suits, suing for undivided interests in the land, were alleged to have participated in the division of the land and accepted the portions allotted to them in severalty, the allegations of the petition (in order to avoid a multiplicity of actions) were a sufficient basis for an injunction against the further prosecution of the common-law suits, and for an order requiring the plaintiffs in such suits to set up their rights in the equitable suit. Civil Code, § 5469 (2).

2. As the children of Margaret L. Daniel were tenants in remainder as to the whole lot, as their shares in the land were transmitted in severalty by mesne conveyances until title to some portions thereof vested in plaintiffs, and all of the defendants are now interested either as owner of some part of the land or as warrantor of the title to some part of it, and the objects of the suit include quieting the title to the several portions by decreeing it to be in the parties to whom it rightfully belongs, there was no misjoinder of parties defendant or improper joinder of causes of action.

3. The petition did not seek reformation of any deed executed by Margaret L. Daniel, and a legal representative of her estate was not a necessary party defendant.

4. The foregoing rulings sufficiently deal with all of the grounds of demurrer which were overruled by the trial court.

Judgment affirmed. All the Justices concur.

No. 2501.  FEBRUARY 16, 1922.

Equitable petition. Before Judge Gower. Wilcox superior court. February 3, 1921.

Eldridge Cutts and Crum & Jones, for plaintiffs in error.

M. B. Cannon and Hal Lawson, contra.