## GODSEY *v.* THE STATE.

No. 7479. September 26, 1930.

*Thomas M. Lockhart,* for plaintiff in error.

*George D. Anderson, solicitor-general,* contra.

Atkinson, J. W. J. C. Godsey, alias Charlie Williams, was indicted for the offense of rape. The jury trying him returned a verdict of guilty, with recommendation to the mercy of the court, and his sentence was fixed at from nine to eleven years in the penitentiary. He made a motion for new trial on various grounds, which was overruled, and he excepted.

■ The general grounds of the motion for new trial are without merit. The verdict was authorized by the evidence, and the court did not err in refusing a new trial upon this ground.

■ The grounds of a motion for new trial must be distinctly approved by the trial judge. Grounds not approved or verified by the trial judge will not be considered by the Supreme Court. 8

Cum. Supp. Enc. Dig. Ga. R. 1046, and cit. Grounds 10, 11, and 12 of the amendment to the motion for new trial were not approved by the trial judge, and will not be considered by this court. Only such portions of the grounds of the motion for new trial as are positively approved by the trial judge will be considered.

■ In ground 1 of the amendment to the motion for new trial the judge only approved the first three lines thereof, which were as follows: "Because the court in his charge to the jury said, 'he [referring to the defendant], says that he had no sexual intercourse with her' [referring to the complaining witness.]" Movant says that this was error on the part of the court, as the defendant made no such statement. In his statement to the jury the defendant said: "I am up here charged with rape, but I am positively not guilty." The foregoing charge was therefore not error for the reason stated. It is also insisted that, if the defendant had made such a statement, the charge quoted was an invasion of the province of the jury. This criticism is also without merit.

■ Ground 2 of the amendment to the motion complains because the following material evidence offered by movant was illegally withheld from the jury against his demand, as follows: "When the complaining witness, Lilly Mae Rolan, was on the stand on cross-examination, she was asked by defendant's counsel the following question: Q. 'Can you explain why it was, Miss Lilly, if it is true, that you went before the grand jury to indict the defendant in Floyd County, at Rome, on the 8th day of July, and then went back two days later and testified about him having a pistol and liquor on that occasion?' Mr. Anderson: 'I object to that as immaterial and irrelevant. It has nothing to do with this case at all.' The court: 'I will exclude the question.' Movant contends that this ruling was error, as the testimony sought on cross-examination was proper and beneficial in his defense, especially in view of the fact that the witness had already testified that she went before the grand jury in Rome, Georgia, on the 8th day of July, 1929, and indicted the defendant for kidnapping her on the same trip and occasion that she was testifying that the offense in this case was committed against her by the defendant; that two days later she went before the same grand jury and indicted the defendant in Rome, Georgia, for possessing whisky and carrying a pistol on this same trip and occasion." The rejection of this evidence was not error, and will not cause a reversal.

■ The alleged injured female was the first witness on the stand. The third ground of the amendment to the motion for new trial was as follows: "Because the following material evidence sought by movant was illegally withheld and rejected from the jury against his demand, as follows, to wit: When the complaining witness, Lilly Mae Rolan, was on the stand on cross-examination, she was asked by Mr. Lockhart the following questions: Q. 'Do you know if Mr. Harvey is here to-day?' A. 'Yes sir.' Q. 'Do you know if Mr. Harvey employed Mr. Porter to help prosecute this case?' The court: 'I exclude that question.' Movant contends that this was error on the part of the court. Mr. Harvey was a witness on behalf of the State, and testified against the defendant, and, if for no other reason, the defendant has a right to show the interest of the State witness, Harvey, in the prosecution and conviction of the defendant." This ground is without merit, inasmuch as it fails to show affirmatively that Harvey had testified in the case previously to the propounding of the questions to the witness on cross-examination.

■ Ground 4 is as follows: "Because the following material evidence sought by movant was illegally withheld from the jury: When the complaining witness, Lilly Mae Rolan, was on the stand on cross-examination, she was asked by Mr. Lockhart the following question: Q. 'At the time that you took this officer down there, did you drive right down to the same place again, right where the defendant stopped his car?' A. 'No, sir, we didn't drive down as far as he stopped it.' Q. 'You didn't go as far as your father and Mr. Harvey?' A. 'Something about the same place my father and Mr. Harvey did, but we didn't go down as far as he went.' Q. 'Going on down there did Mr. Harvey seem to know that section of the country?' The court: 'I exclude that question. I can not see what Mr. Harvey has got to do with it.' Movant contends that this was error on the part of the court, as is shown by the record in this case; that he had a right to show on cross-examination that Mr. Harvey was familiar with that section of the country, and demonstrate to the jury, by cross-examination of the witness, the probability that this girl was accompanied by some one familiar with that section of the country when locating the place of the alleged crime." The exclusion of this question was not error for any reason assigned.

236

■ Ground 5 is as follows: "Because the following material evidence offered by movant was illegally withheld from the jury against his demand, as follows, to wit: when the complaining witness, Miss Lilly Mae Rolan, was on the stand on cross-examination, she was asked by Mr. Lockhart the following question: Q. 'Do you know Jesse Brooks?' A. 'Yes, sir.' Q. 'Don't you know it to be a fact that your father made him move off of your place this last spring because he was—' Mr. Anderson: 'We object to that as irrelevant.' The court: 'I exclude anything her father did.' Q. 'I will ask you if Jesse Brooks isn't a married man?' A. 'Yes, sir.' Q. 'Wasn't he a married man at the time he lived on the same place that your father lived on?' A. 'Yes, sir.' Q. 'His wife stayed with [him] most of the time?' A. 'Yes, sir.' Q. 'You knew he was a married man?' A. 'Yes, sir.' Q. 'And didn't you talk with Jesse more or less while he was there?' A. 'Yes, sir.' Mr. Anderson: 'We object to that. It is immaterial.' The court: 'Let's confine this examination to relevant matters. I exclude that.' Movant contends that this was error on the part of the court; that the question asked was proper, and defendant had the right to show by cross-examination the relation of the complaining witness with other men." The exclusion of this question was not error.

■ Ground 6 complains "Because the following material evidence sought by movant was illegally withheld from the jury against his demand, as follows, to wit: When the complaining witness, Miss Lilly Mae Rolan, was on the stand on cross-examination, she was asked by Mr. Lockhart, with reference to her relationship with Jesse Brooks, as follows: Q. 'State whether or not while he was there you mailed some cards or valentines to him.' The court: 'If he did, there is higher evidence of it. I will exclude that. It is not material at all.' Q. 'Do you know where the valentines are that you sent?' Mr. Anderson: 'We object to that as immaterial.' The court: 'I exclude the question.' Movant contends that this was error on the part of the court, for the same reasons given in assignment of error number 5." The exclusion of the foregong evidence was not error.

■ Ground 7 is as follows: "Because the following material evidence offered by movant was illegally withheld and excluded from the jury against his demand, as follows, to wit: When the

witness Dr. R. H. Wicker was on the stand on the direct examination, he was asked by Mr. Lockhart the following question: Q. 'I will ask you this, if this girl had been raped on Sunday before you examined her on Tuesday, would there or not have been evidences to have shown, when you examined her, of laceration, swollen condition?' The court: 'That is open to two objections. One is that it is repetition; the other is that it is leading. I exclude the question.' Movant contends that this was error on the part of the court, and that the testimony was proper and material to his defense. The rejection of this evidence was not error for any reason assigned. It does not appear from the motion what the answer expected was. *Browder-Manget Co.* v. *West End Bank,* 143 *Ga.* 736 (85 S. E. 881) ; *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900) ; *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414).

■ Ground 8 assigns error, "Because the following material evidence was illegally permitted by the court to go to the jury over the objection of this movant, to wit: When the State's witness, W. F. Rolan, was on the stand on the redirect examination, he was asked by Mr. Porter the following question: Q. 'What did Dr. Wicker say to you at the time the examination was going on there?' Mr. Lockhart: 'I asked Dr. Wicker that, and tried to bring it out. We object to it now.' Q. 'Did you hear a statement made to you yourself, or to Dr. Ponder at the time Dr. Wicker, Dr. Ponder, and Dr. Garrard examined your daughter, a statement made by Dr. Wicker?' The court: 'Is this concerning what you interrogated the doctor about? Mr. Porter: 'Yes, sir.' The court: 'I overrule the objection.' Q. 'What did Dr. Wicker say in that conversation about your daughter?' A. 'He told me it was evidently a fact, it had been done, right in front of Dr. Ponder and Dr. Garrard.' Movant contends that this was error on the part of the court, and this testimony was prejudicial to defendant." This assignment of error is insufficient, as it does not appear what movant's objection was at the time it was admitted.

■ Ground 9 assigns error, "Because the following material evidence offered by movant was illegally excluded by the court from the jury against his demand, as follows, to wit: When the witness Dr. R. H. Wicker was on the stand on direct examination, he was asked by Mr. Lockhart the following question: 'What was said in her presence [referring to complaining witness, Lilly Mae Rolan],

about using you in court; and what did you reply?' The court: 'I will exclude that.' Movant contends that this was error on the part of the court." This ground of the motion is open to the same criticism as that referred to in division 6 above.

The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*