## LOGGINS *v.* LOGGINS.

No. 13597.   MARCH 14, 1941.

*George W. Westmoreland,* for plaintiff.

*Sam S. Harben,* for defendant.

DUCKWORTH, Justice. While the evidence is in conflict, it is sufficient to authorize the judge, in the exercise of the discretion vested in him by the Code, §§ 30-127, 30-206, and 74-107, to render the judgment excepted to. Counsel for the plaintiff recognizes these rules of law, and virtually concedes that the evidence would authorize the judge in the exercise of a discretion to render the judgment excepted to; but he insists that the judgment is erroneous, because the record shows that the judge failed to exercise any discretion, and based his judgment upon an erroneous conception of the law. It is sought in the brief to support this contention; first, by the ruling excluding the testimony of defendant's witnesses Oliver and Rogers, given on cross-examination, as to ru-

mors of defendant's bad conduct. We think the court did erroneously exclude this testimony; but under the well-recognized rules this court can make no ruling thereon, for the reason that no exception was taken to the ruling of the judge, and no error is assigned thereon in the record before this court. The other argument in support of the contention of the plaintiff in error is that the statement of the court, to the effect that it was the policy of that court never to take small children from the mother unless her character was bad, shows that the court refused to consider other elements bearing upon the welfare of the children. This contention falls for the same reason; that is, no exception and no assignment of error. If it be contended that the statement of the judge was the equivalent of excluding other evidence, then, in order to authorize a review by this court, error must be properly assigned thereon in the bill of exceptions. *Allen* v. *Kessler*, 120 *Ga.* 319 (47 S. E. 900) ; *Smith* v. *State*, 126 *Ga.* 803 (55 S. E. 1024) ; *Smith* v. *Smith*, 133 *Ga.* 170 (65 S. E. 414) ; *Holton* v. *State*, 137 *Ga.* 86 (72 S. E. 949) ; *Browder-Manget Co.* v. *West End Bank*, 143 *Ga.* 736 (4) (85 S. E. 881). The only way the statement could do injury to the plaintiff in error would be to deprive him of evidence tending to show what would be to the best interest of the children. If such evidence as he desired on this point was allowed, then he would have no right to complain, and if disallowed the proper and only way by which he could have a review in this court would be by an assignment of error thereon in the bill of exceptions. The judgment recites that it was rendered "after hearing evidence and argument of counsel," and thus it appears that in rendering the judgment the judge gave consideration to all the evidence that was then in the case. Therefore, since there is evidence to support the judgment, and the only attacks thereon are without merit, it must be affirmed.

*Judgment affirmed.    All the Justices concur.*