Carter *vs.* Stanfield.

No. 7.—Isaac Carter, plaintiff in error, *vs.* John Stanfield, defendant. ,

[1.] On the trial of the right of property, under our Claim Laws, the possession of the defendant in execution, after an absolute sale of the property levied on, unexplained, is *prima facie* evidence of fraud.

[2.] Where, on the trial of the right of property in a Justice's Court, the same oath was administered to the Jury, as that administered to Special Jurors in the Superior Court: *Held,* to be no valid objection, for the reason that the oath required to be administered to Juries in Justices' Courts, on the trial of the right of property, is substantially the same as that required to be administered to Special Jurors in the Superior Court.

Certiorari, in Ware Superior Court. Decided by Judge Hansell, December Term, 1849.

Two *fi. fas.* from a Justice's Court, were levied on a stock of cattle, in possession of the defendant in *fi. fa.* and a claim, by Isaac Carter, was interposed. On the trial in the Justices' Court, a bill of sale was exhibited by Carter, *three* years older than the

*fi. fas.* The possession had never been out of the defendant. The Jury found the cattle subject, and *ten per cent.* damages.

Carter sued out a *certiorari*, on the grounds, that the verdict was unauthorized by the evidence ; that the Jury had no right to give damages, and that the oath administered to the Jury was the oath of a Special Jury in the Superior Court.

On hearing the return, the Court decided, that the giving of damages was illegal; but upon their being remitted by the defendant in *certiorari*, the same be dismissed—the other grounds being overruled.   To all which decision Carter filed exceptions.

Sol. Gen. GAULDEN, for plaintiff in error.

COLE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

This case came before the Court below, on a *certiorari* from a Justice's Court.   Two grounds of error were specified in the petition for *certiorari*—First, that the Jury in the Justice's Court ought not to have found the property subject to the executions, under the evidence before them ; and, secondly, that the oath administered to the Jury, by the Justice, was illegal, and not the oath required by the Statute.

[1.] The claimant introduced his bill of sale for the cattle, from the defendant in execution.   The plaintiff proved, that the property claimed had been in the possession of the defendant in execution, from the time of the execution of the bill of sale to the claimant, up to the time of the levy of the executions thereon. In *Peck vs. Land*, (2 *Kelly*, 1,) this Court held, that the possession of the property remaining in the vendor, after an absolute sale, was *prima facie* evidence of fraud, but subject to explanation.   Here, the possession was unexplained, and the Jury rightly found the property subject to the execution.

[2.] The oath administered to the Jury, by the Justice, was the same as administered to a Special Jury in the Superior Court. By the 9th section of the Act of 1811, prescribing the form of the oath to be administered to the Jury in a Justice's Court, for the trial of the right of property, the same oath is required as that administered to Special Jurors in the Superior Court.

*Prince,* 505. As to the form of the oath administered to Special Jurors, see *Prince,* 437. The Jury found tho property subject to the execution, and ten per cent. damages. The plaintiff in execution remitted the damages, and the Court below dismissed the *certiorari,* and we affirm the judgment of the Court below.