STIGER *v.* MONROE.

1. Where a plea of *res adjudicata* was "submitted to the court upon an agreed statement of facts," and the plea stricken, the Supreme Court is unable to determine whether striking the plea was erroneous or not, when there is nothing whatever in the record to show what facts appeared in the "agreed statement" upon which the trial court acted.

2. In order to entitle the plaintiff to a judgment, under the provisions of section 3510 of the code, against the defendant, as by default, because of a failure by the latter to produce books or papers, under notice given in accordance with section 3508, it must appear that the court, by an order, peremptorily required the production of the books or papers in question, and that the defendant failed or refused "to comply with such order."

November 15, 1895.

Action for damages. Before Judge Hardeman. Ware superior court. April term, 1895.

*Hitch & Myers*, for plaintiff in error.

*Leon A. Wilson*, contra.

ATKINSON, Justice.

1. It appears from the record in this case, that the defendant in error sued the plaintiff in error upon a breach of warranty of title to land. The defendant below filed a plea of *res adjudicata,* and upon this plea as a separate substantive defense to the plaintiff's action, the court made the following order: "The within plea having been submitted to the court upon an agreed statement of facts, and it appearing by the evidence offered that it is insufficient to support the plea, it is ordered that the same be and it is hereby overruled and stricken." Exception was taken to this order of the presiding judge overruling the plea of the defendant. When we look into the record, we find

no "agreed statement of facts" accompanying the plea and which was submitted with it for the judgment of the court. Hence, whether or not error was in this respect committed we are not able to declare. If there was in fact an agreed statement of facts, it should have been either incorporated in the brief of evidence or set out in the bill of exceptions. If the agreed statement of facts consisted of the recitals of facts set out in the plea, it should have been so certified to this court, to the end that we might judicially determine that we had before us the evidence upon which the circuit judge acted in rendering his judgment upon the plea.

2. After striking the plea of *res adjudicata,* the court proceeded with the trial of the cause. It appears that the plaintiff in the court below gave to the defendant notice to produce "at the next term of the court, and from term to term until said case is disposed of, the plats and grants, together with the entire chain of title down to and including yourself, to lots of land Nos. 606 and 607 in the 12th district of Ware county, to be used by the plaintiff as evidence in said case." In obedience to this notice, the defendant, through his counsel, produced and turned over to the plaintiff a general deed from his grantor to himself, which included the lots in controversy, with the statement that this was the title upon which he, the defendant, relied, it being all the titles the defendant had to the premises in dispute. The plaintiff accepted this deed without objection and put it in evidence. Later on during the course of the examination of the defendant as a witness, it appeared that, in addition to the deed which he had given the plaintiff, he had some of the back titles to the lots in controversy at his home some fifteen or twenty miles from the court-house, and which he was advised it would be necessary for him to produce in response to the notice. When this fact was brought to the attention of the court, the presiding judge suspended the trial of the case, directed a ver-

dict in favor of the plaintiff against the defendant, and made an order which was in the following words, to wit:

"In this case the defendant having appeared and filed a plea of the general issue, and it further appearing that under section 3509 of the code of Georgia of 1882, the plaintiff, on the 5th day of October, 1893, in compliance with said law and the law of Georgia in such cases made and provided, notified and required the defendant, J. M. Stiger, to produce in said court at the next term thereof, and from term to term until said case is disposed of, the plots and grants, together with the entire chain of title down to and including himself, to lots of land numbers 606 and 607 in the 12th district of Ware county, to be used by the plaintiff as evidence in said case; and it further appearing that the defendant is in possession of the papers called for by said notice and that the same are material to the plaintiff's cause of action, but that he has wholly failed and refused to produce in court said papers, without sufficient cause for such failure and refusal, it is thereupon ordered that the said defendant's plea of the general issue be and the same is hereby stricken, and further that the plaintiff do have and recover from the said defendant the principal sum of four hundred dollars, and the further sum of three hundred and fifty dollars and seventy-seven cents, being interest on said principal at the rate of seven per cent. per annum from the 15th day of November, A. D. 1882, to the 25th day of April, 1895, and the further sum of ten dollars and twenty-five cents as costs of court in this behalf expended; the plaintiff having proved facts to support this judgment, and the verdict of the jury of this date in said case in this court, before it was ascertained that the defendant had said papers in his possession. And it is further ordered that said verdict, being in amount the same as this judgment, is hereby made the judgment of the court. Granted in open court, this April 25th, 1895."

We do not think that the mere failure of the defendant, without more, to produce at the trial all of the papers called for, whether material or immaterial, was a sufficient reason for the peremptory striking of his plea of the general issue and for the peremptory direction of a verdict

against him. The direction contemplated by sections 3508--3510 of the code, is in the nature of a penalty inflicted as for a contempt of the authority of the court; and before it can be invoked, there must have been a formal order of the court peremptorily directing the defendant to produce the papers called for, and a refusal upon his part to comply with this order. Such was the ruling of this court in *Parish* v. *Weed Sewing Machine Company*, 79 *Ga.* 682; to same effect see *Hamby Mountain Gold Mines* v. *Findley*, 85 *Ga.* 431. To justify a resort by the court to this extreme measure, the party against whom the penalties prescribed are sought to be enforced, ought at least to be required by order of the court to produce the paper or papers, and to have an opportunity first to comply with this order. We think the ruling of the court in striking the plea and directing a verdict, was error. The judgment is accordingly *Reversed.*