## MARSHALL *et al.*, trustees, *v.* McNEAL.

1. Before judgment can be entered against a party for failure to produce books or papers in accordance with a notice served upon him in terms of the statute, it is necessary that there should be a peremptory written order made by the judge and entered upon the minutes of the court, requiring the party to produce the books or papers within a reasonable time, according to the circumstances of the case.
2. It follows that the trial judge erred in directing a verdict against the claimants.

Argued January 3, — Decided February 5, 1902.

Levy and claim. Before Judge Littlejohn. Sumter superior court. June 1, 1901.

*Allen Fort,* for plaintiffs in error. *W. P. Wallis,* contra.

LITTLE, J. McNeal levied a fi. fa. which he had obtained against Bethesda Baptist Church and Robert Wells and others, deacons thereof, upon the lot and building of that church, to which property Marshall and others as trustees filed a claim. At the trial the plaintiff's counsel demanded a response to a notice to produce certain papers, which had been duly served upon claimants' counsel, who in response thereto said that his clients were not in court, and he had been unable to secure their presence since the case was called,

and knew of no lawful reason why they were not present; that he was not able to respond to the notice, and did not know whether his clients were in possession of the papers called for or not, as he was not informed on that subject. Plaintiff's attorney stated to the court that he had reason to believe that the papers called for were or had been in existence, and that they were in the possession, power, custody, or control of the parties notified, some of whom had told him since the beginning of this case that they had the papers in their possession. He further stated that these papers were material evidence to the issue in the case. Thereupon the court notified claimants' attorney that it would be necessary for him to produce the papers under this showing. He again stated that he was unable to do so, on account of the absence of his clients, and that he knew nothing of the papers. Plaintiff's attorney then moved to direct a verdict finding the property subject; to which motion claimants' attorney objected on the grounds, (1) that there was no legal authority to direct a verdict finding the property subject, under the facts of this case; (2) that if the court under such facts could impose any penalty upon claimants, he could only dismiss the claim; and (3) that under the showing made the court had no authority to direct a verdict against the claimant. The court sustained the motion of plaintiff's counsel, and directed a verdict finding the property subject. To the direction of this verdict claimants excepted, and assign error upon the ground that there was no authority of law for the decisions complained of, and that the same were contrary to law.

It is now well settled that the penalty which is imposed by the terms of the Civil Code, § 5250, for failure, after notice, to produce, does not attach merely because of the failure of the party notified to respond by producing the papers described; but it seems that, after the notice is given and the party is in default, the judge, before rendering judgment against the party, should determine as a matter of law whether the party has been brought within the terms of the statute and should produce the particular papers named. Should the judge so determine, it is then necessary that a peremptory order should be made requiring the party to produce the papers; and it is only upon his failure to comply with the terms of this order that the judge is authorized to render the judgment against him which is provided for in the section of the code cited. In the case

of *Georgia Iron Co.* v. *Etowah Iron Co.*, 104 *Ga.* 395, this court ruled that, "Before a judgment by default can be rendered against the defendant on account of failure to comply with the notice served upon him in accordance with the provisions of the sections above cited [§§ 5248, et seq.], it is necessary that there should be a peremptory written order made by the court and entered upon its minutes, requiring the production of the papers," etc. In the course of the opinion rendered in that case, Mr. Justice Cobb said: "The judgment entered against the defendant is not for a failure to comply with the notice, but for a failure or refusal to comply with the order of the court based on the notice; and such proceeding is illegal until there shall have been a peremptory order of the court requiring the production of the document;" citing a number of authorities. It affirmatively appears in this case that no written order was signed or passed by the court requiring claimants to produce the papers described in the notice, and a verdict was directed against them because of their failure to produce, under the terms of the notice, the papers therein named, after the trial judge had determined that it was their duty so to do. In the absence of such order, the judge was not authorized to render any judgment against the claimants because of their failure to respond, nor to direct a verdict against them. *Judgment reversed. All the Justices concurring.*