## KELLEY BROTHERS v. STOVALL.

On the trial of a claim case where the issue is the bona fides of a transfer of property by the defendant in execution to the claimant, and there are circumstances which, if not satisfactorily explained, may be regarded as badges of fraud, it is for the jury and not the judge to pass upon such issues.

MAY 16, 1912.

Claim. Before Judge Bell. Fulton superior court. May 25, 1911.

*James L. Key,* for plaintiffs.

*D. K. Johnston* and *J. D. Kilpatrick,* contra.

EVANS, P. J. A fi. fa. in favor of Kelley Brothers, for the use of Kelley Brothers Company, against M. E. and C. C. Stovall, was levied on certain real estate as the property of the defendants, and a claim was filed by Beulah W. Stovall. On the trial of the claim case it appeared that the defendants in fi. fa. were husband and wife, and began doing a grocery business in 1906, making during this year a report to a commercial agency, showing that they were partners, and listed the property levied on as a firm asset. The suit out of which the fi. fa. issued was filed on January 23, 1908. To this suit a plea of no partnership was filed by M. E. Stovall, and the jury found against the plea. On December 28, 1907, C. C. Stovall, on a consideration of love and affection, conveyed to his wife, M. E. Stovall, a half undivided interest in the property; and on January 25, 1908, Mattie E. Stovall deeded the property to the claimant. The plaintiff's debt was in existence at the time of these conveyances. The property was returned for taxes in 1907 by C. C. and M. E. Stovall as a firm asset; and returned by the claimant in 1908. The application of C. C. Stovall for homestead, dated January 9, 1909, showing twenty-five creditors and an indebtedness of $671.17, and assets in the nature of a stock of goods in the amount of $799.90, was introduced in evidence; also a petition in bankruptcy filed against the firm on February 2, 1908. The receiver appointed in this proceeding testified that he found the defendants, Mattie E. and C. C. Stovall, in possession, and that he made demand on Mrs. Stovall for the money and notes, the proceeds of the sale of the land, and she denied that she had either. Beulah W. Stovall claimed to have bought the property through her husband, Sam C. Stovall, the

brother of C. C. Stovall, on March 1, 1907, the consideration being $3,000 in cash and the assumption of a $1,400 mortgage on the property. Claimant had never been on the property when she bought it; received no bond for title when she made the first payment of $1,500; gave no notes for the balance of the purchase-money; no time was agreed upon for the payment of the balance of the purchase-price; defendants in fi. fa. remained in possession of the property until March 10, 1908. The final payment of $500 was made on January 25, 1908, the date of the execution of the deed.

We think that the court should have allowed the jury to pass on the evidence as to the bona fides of the transfer of the property by the defendants in fi. fa. to the claimant. The negotiation of the transfer of the property was between two brothers, one of whom was joint defendant with his wife, for whom he was acting, and the other was the husband of the claimant. The sale of the property was proposed over the telephone, and the price agreed upon, and most of it paid, without other inspection than seeing it from the outside. The claimant agreed to pay $3,000 and assume an incumbrance of $1,400. Of this sum the claimant contends that she paid $1,500 March 1, 1907, and $1,000 on September 2, 1907, without taking bond for title or other writing evidencing the sale. The defendants in fi. fa. remained in possession of the property about a year without the payment of rent, but only paid the interest on the $1,400. "On the trial of the right of property under our claim laws, the possession of the defendant in execution after an absolute sale of the property levied on is prima facie evidence of fraud." *Carter* v. *Stanfield,* 8 *Ga.* 49. The sufficiency of the explanation of such possession is for the jury's determination. Intermediate the time when the claimant contends she purchased the property from C. C. Stovall and his wife and paid them $2,500, and the time of the last payment and the making of the conveyance, C. C. Stovall made a voluntary conveyance of his share in the property to his wife. About the time of this conveyance the creditor was threatening suit, and the suit was actually filed within about three weeks. Mrs. Mattie Stovall and C. C. Stovall were jointly sued, and she defended on the ground that she was not a partner in the firm, which issue was determined against her. What was the purpose of making this voluntary deed does not appear.

It is not explained. The claimant and the defendants were positive that all the money was paid to Mrs. Mattie Stovall, and none to C. C. Stovall. We think the jury should have been permitted to pass upon the bona fides of the transfer of the property by the defendant in fi. fa. to the claimant.

                    *Judgment reversed. All the Justices concur.*