### Stephens *v.* Southern Cotton Oil Company.

George, J. 1. On the trial of a claim to land levied upon under a common-law execution, the plaintiff in fi. fa. may shift the burden of proof to the defendant by evidence that subsequently to the rendition of the judgment, and at the time of the levy, the defendant was in possession of the property. *Thompson* v. *American Mortgage Co.,* 107 *Ga.* 832 (33 S. E. 689); *Allen* v. *Clare* 136 *Ga.* 550 (71 S. E. 896).

2. Possession retained by the vendor after an absolute sale of real property is prima facie evidence of fraud, which may be explained. *Fleming* v. *Townsend,* 6 *Ga.* 103 (50 Am. D. 318).

3. On the trial of a claim case, where the issue is the bona fides of a transfer of property by the defendant in execution to the claimant, and there are circumstances which, if not satisfactorily explained, may be regarded as badges of fraud, it is for the jury to pass upon such issues. *Kelley* v. *Stovall*, 138 *Ga.* 186 (75 S. E. 6).

4. Accordingly where the evidence for the plaintiff in fi. fa. disclosed that the defendant in fi. fa. was in the actual possession of the land at a time subsequent to judgment and at the time of levy, and the evidence for the claimant tended to show that the defendant in fi. fa. was in possession under the claimant as a tenant, but it further appeared that the claimant had purchased the land from the defendant in fi. fa., taking his bond for title, had paid only a small portion of the purchase-money, and, after actual notice of the judgment against the defendant, had procured a deed from the defendant upon the payment of only $300 of the agreed purchase-price of $4500, the defendant retaining no security for the purchase-money whatever, the issue of the bona fides of the transfer of the property was clearly for the jury, and the evidence was sufficient to authorize the verdict finding the property subject to the execution.

5. The court did not err in overruling the motion for new trial, based upon the general grounds only.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
No. 398. November 17, 1917.

Claim. Before Judge Kent. Laurens superior court. May 12, 1917.

*Hal B. Wimberly,* for plaintiff in error. *S. W. Sturgis,* contra.