## YAUGHN *et al.* v. HARPER.

1. Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity, and is thus the equivalent of legal title; and on such title recovery may be had in ejectment, or in a statutory action for land, against one who subsequently enters without a better title.

2. Though one who is the owner of land, having perfect title, accept a .deed from another purporting to convey to such owner and a third person a life-estate, with remainder to the children of the grantor, the in-

terest of the owner of the land is not thereby reduced to a life-estate; nor does the conveyance to the owner and the third person of a joint life-estate in the land, with remainder over, constitute a covenant binding upon the owner, though he accepted the deed.

No. 2126. FEBRUARY 19, 1921.

Equitable petition. Before Judge Mathews. Crawford superior court. June 4, 1920.

Mrs. G. R. Harper brought suit alleging, that she was sole heir at law of G. R. Harper, deceased; that her husband died seized and possessed of the land in controversy, the west half of a designated lot of land; that the defendants, Lula Yaughn and the children of A. Y. Yaughn, were asserting that they had an interest in the property, and that they were doing acts inconsistent with and destructive of petitioner's rights. The prayer was for injunction and other equitable relief. Demurrers to the petition were filed by the defendants, and were overruled. Upon the trial the jury returned a verdict in favor of the plaintiff, and a decree was entered accordingly. A motion for a new trial was overruled, and the defendants excepted.

L. D. Moore, for plaintiffs in error. R. D. Feagin, contra.

BECK, P. J. A deed executed on the 9th day of January, 1911, by W. J. Marshall, conveyed to George R. Harper and A. Y. Yaughn lot No. 27 in the 6th district of Crawford County, Georgia. Subsequently to the execution of this deed Yaughn and Harper, the tenants in common, made a parol agreement for a partition, of the land, defining in the agreement the part each was to have. According to the contention of the plaintiff, her husband, George R. Harper, was to have the west portion, and Yaughn the east. Harper was in possession of the west portion, as the plaintiff contends, under the parol agreement for partition; and defendants introduced evidence to show that Harper took the east portion and Yaughn the west portion, and that after the line was run Harper continued to occupy the east half and Yaughn the west half of the lot. The testimony was conflicting, and the court submitted the issues to the jury. In the course of his instructions the court charged the jury: "If G. R. Harper and A. Y. Yaughn, after having bought this land, agreed upon a division of it, and if Harper upon that agreement went into possession of the west part of it, or if Harper and Yaughn agreed upon a division by which Harper was to take the west part, and after that a line was run and agreed on,

dividing the west from the east side, at a time when Harper was holding and occupying the west part and Yaughn the east part, then the absolute fee-simple title vested in Harper to the west part to the dividing line agreed upon, if such a line was agreed upon, and the same kind of title vested in Yaughn to the east part. That is to say, if these two parties, Harper and Yaughn, owning the entire tract, agreed between them that one would take the west part and the other the east part, and a line was run and each took possession of what he had agreed to take, why that became a conveyance of the land in law as between the parties; and if Yaughn had the east part under the agreement when the line was run, then Yaughn took title to the east part; and if Harper took the west part under that agreement, and that was the understanding at the time the division was made, and Harper took possession of the west part with the knowledge and consent of Yaughn, and Yaughn took the east part, then Harper took an absolute title to the west part and it became his without any deed. . . If such a division was made between the parties, and no agreement was made at the time about any deed, but they merely divided it between them in that way, and no deed was made, as I said, the very fact in the case would determine the title of the parties; and if Harper took the west part under that agreement, and a dividing line was run, then the land became his in fee simple, that is, he owned the entire title in the west half. . . Now I charge you that if Harper took a title of that sort to the west half, and you believe the evidence so shows, and that the division was made without reference to any deed or any agreement about any deed, but merely a division, if you believe that he took that sort of title, then Mr. Yaughn had no right or title in the west at all; he had nothing to convey to Harper or any one else; provided there had been an independent division of the land between the two men who owned it in common, by a dividing line, and an agreement by which Harper took the possession of the west part."

These instructions were excepted to on several grounds, but especially upon the ground that the court in giving them ignored a deed, which, many years after the division, was executed by Yaughn conveying a life-interest in the west half of lot No. 27 to George R. Harper and Lula Yaughn, jointly, and after their death to the children of A. Y. Yaughn. The instructions given contain

substantially the law relating to oral partition of lands between joint tenants and occupation of the lands in accordance with the terms of the agreement. The principle is stated in several cases decided by this court, that "Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity, and is thus the equivalent of legal title; and on such title recovery may be had in ejectment, or in a statutory action for land, against one who subsequently enters without a better title." *Adams* v. *Spivey,* 94 *Ga.* 676 (20 S. E. 422); see also Powell's Actions for Land, § 145, and cases cited. The charge complained of substantially applied this principle to the facts in the record.

But the plaintiffs in error insist that, several years subsequently to the parol partition between them, there was a mutual interchange of deeds,—that Harper executed and delivered to A. Y. Yaughn a deed conveying the east half of lot No. 27, and Yaughn made the deed to Harper and Lula Yaughn recited above, conveying the west half of the lot; and it is insisted that these deeds were part of one transaction, and that the acceptance of the deed by Harper vested the latter and Lula Yaughn with a life-estate in the property and the remainder to the children of A. Y. Yaughn. If there was a parol partition, as petitioner insisted and adduced evidence to show, and possession was taken in accordance with that agreement by the parties, then Harper acquired a perfect equity to the west portion, which was the equivalent of legal title; and the mere fact that Yaughn afterwards executed a deed conveying to Harper and another person a life-estate in the land did not divest his title nor reduce it to a life-estate. The mere fact that he executed a deed which conveyed a life-estate to Harper and to the other person could not divest Harper of his title to the entire estate. The plaintiffs in error insist that the recitals in the deed were in the nature of covenants, but do not undertake to discuss or state the purpose of the covenants. Counsel argues that it was a case for the application of the principle of law contained in section 4180 of the Civil Code, that "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." We can not construe the grant in this deed of a life-estate to G. R. Harper and Lula Yaughn, with

remainder to the children of the grantor, as containing either a covenant or condition binding upon the grantees. There is nothing in the language that placed upon Harper the implied obligation to convey or deliver the land to Lula Yaughn or the children of the grantor, and we do not see how any act upon the part of Yaughn would divest Harper of title and convey it to some one else.

The charge of the court submitted the real issues in the case; and the court did not err in giving those portions of the charge excepted to, nor in refusing the requests to charge.

*Judgment affirmed. All the Justices concur.*