### GLENN *v.* BURGESS.

HINES, J.  1.  In a claim case, at the conclusion of the evidence for the plaintiff in fi. fa., the claimant made a motion to dismiss the levy. The court passed an order granting a nonsuit and dismissing the levy on the land claimed.  "To this order granting a nonsuit and dismissing said levy the plaintiff in fi. fa. then and there excepted, and now excepts and assigns the same as error."  The claimant, who is the de-

fendant in error in this court, moves to dismiss the bill of exceptions upon the ground that there is no sufficient assignment of error. *Held:* "That the court erred in granting a nonsuit is a sufficient assignment of error on such ruling, and presents the question as to whether the evidence was sufficient to require the case to be submitted to the jury." *Randolph* v. *Brunswick & Birmingham R. Co.*, 120 *Ga.* 969 (48 S. E. 396); *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508); *Holst* v. *Burrus,* 79 *Ga.* 111 (4 S. E. 108).

2. The claimant asserted title to the land claimed under a deed from the defendant in fi. fa., prior in date to the judgment upon which the execution issued, but subsequent in date to the creation of the debt upon which the judgment was founded. The claimant was the daughter of the defendant in execution. The deed from her father to her was dated December 27, 1915. On the same day the father conveyed to his two sons other lands. The claimant did not return the premises in dispute for taxation during the period from 1915 to 1924, inclusive; but the same were returned for. taxation in the name of the father, and the taxes were paid by him. The same is true of the lands conveyed by the father to his sons. In 1922 the defendant in fi. fa. sold the timber on these lands so conveyed to his daughter and sons, for the sum of $2079.80; and the proceeds of the sale of this timber were appropriated by him to his own use. The defendant operated a sawmill on these lands in 1920, 1921, and 1922, and sawed the timber thereon. There was evidence which would authorize the jury to find that the claimant had never been in possession of this land and had never exercised acts of ownership over it. The defendant in execution rented out this land during the period aforesaid, and received the rents. At the date of his deed to the claimant the defendant was heavily involved, and there was evidence which would authorize the jury to find that at the date of his conveyance of this land to his daughter he was insolvent. There was evidence which would further authorize the jury to find that the father remained in possession of this land after conveying the same to the claimant. *Held,* that under the above recited facts, and others appearing in the record, it was a question for determination by a jury whether the conveyance from her father to the claimant was made with intent to hinder, delay, and defraud the plaintiff. Upon the vendor remaining in possession after making absolute deed, see *Peck* v. *Land,* 2 *Ga.* 1 (46 Am. D. 368); *Fleming* v. *Townsend,* 6 *Ga.* 103 (50 Am. D. 318); *Carter* v. *Stanfield,* 8 *Ga.* 49; *Smith* v. *McDonald,* 25 *Ga.* 377; *Kelley* v. *Stovall,* 138 *Ga.* 186 (75 S. E. 6); *Stephens* v. *Southern Cotton Oil Co.,* 147 *Ga.* 410 (94 S. E. 245). Upon the effect of a conveyance by a father to his daughter, see *Gregory* v. *Gray,* 88 *Ga.* 172 (14 S. E. 187); *Hicks* v. *Sharp,* 89 *Ga.* 311 (3) (15 S. E. 314); *Brantley* v. *Atwood,* 150 *Ga.* 116 (102 S. E. 822). On the trial of a claim case where the issue is the bona fides of a transfer of property by the defendant in execution to the claimant, and there are circumstances which, if not satisfactorily explained, may be regarded as badges of fraud, it is for the jury and not the judge to pass upon such issues. *Kelley* v. *Stovall, Stephens* v. *Southern Cotton Oil Co.,* supra.

3. The court erred in dismissing the levy.

*Judgment reversed. All the Justices concur.*

No. 4764. APRIL 18, 1925.

Claim. Before Judge Yeomans. Terrell superior court. November 18, 1924.

*John A. Fort,* for plaintiff. *R. L. Maynard,* contra.