HILBURN, administratrix, et al. v. HIGHTOWER.

BELL, J. 1. Every conveyance of property made with the intention to delay or defraud the creditors of the grantor is void against such creditors, where the grantee has knowledge of such intention or reasonable ground to suspect the same. Civil Code (1910), § 3224 (2).

2. Possession retained by the vendor after an absolute sale of real property is prima facie evidence of fraud, although it may be explained and rebutted. Stephens v. Southern Cotton Oil Co., 147 Ga. 410 (2) (94 S. E. 245).

3. Transactions between near relatives, as brothers-in-law, are to be scanned with care and scrutinized closely, and slight evidence of fraud between them may be sufficient to set aside the transaction. McLendon v. Reynolds Grocery Co., 160 Ga. 763 (5) (129 S. E. 65).

4. Where a transaction between brothers-in-law is attacked by a creditor as fraudulent, and there are other circumstances besides the relationship which if not satisfactorily explained may be regarded as badges of fraud, the issues are matters to be determined by the jury. Kelley v. Stovall, 138 Ga. 186 (75 S. E. 6).

5. Where discovery is expressly prayed for in the plaintiff's petition, two witnesses, or one witness and corroborating circumstances, are required to rebut the answer of the defendant as to facts within his knowledge responsive to the recovery sought. Civil Code (1910), § 4547; Arnold v. Johnson, 150 Ga. 604 (104 S. E. 499).

6. This was a suit to recover a judgment upon a debt and to cancel a deed made by the defendant to his brother-in-law, the conveyance being attacked as fraudulent. Upon application of the above rulings, the evidence authorized the verdict in favor of the plaintiff both as to the indebtedness and as to the fraudulent character of the conveyance, notwithstanding the plaintiff prayed for discovery and the defendants made exculpatory answers in response to questions propounded to them.

7. The court's charge to the jury, "Now, on the other hand, the defense contends that, that is Mr. Thomas [the grantee] contends that it was a bona fide transaction, that he had the money and that he bought this land in good faith from Mr. Hilburn [the grantor] without any knowl-

edge on his part that Mr. Hilburn, if he did, to delay, or defraud creditors," was not erroneous on the ground that it withdrew or tended to withdraw the contention of the grantor that the deed was not made to delay or defraud creditors. Nor did the charge amount to an expression of opinion that the deed was made with any such intention.

8. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 9701. FEBRUARY 20, 1934.

*S. W. Sturgis* and *E. L. Stephens,* for plaintiffs in error.
*Blackshear & Blackshear,* and *R. Earl Camp,* contra.