KILLEBREW *et al. v.* SMITH.

No. 10724. MARCH 11, 1936.

*W. I. Geer,* for plaintiffs in error. *E. L. Smith,* contra.

ATKINSON, Justice. At the July term, 1933, W. P. Smith recovered separate judgments at law against J. H. Killebrew, for amounts aggregating $502.80, in suits that had been pending since January, 1932. Motions for new trial were made in each case, on account of which no executions were issued. On June 15, 1933, shortly before the judgments were rendered, J. H. Killebrew, being owner and in possession of a described farm of the value of $4000, on which was a growing crop of the value of $1500, executed a deed purporting to convey the farm and crops to Mrs. S. B. Pickron upon a consideration of $4000, but in fact no consideration was paid. On the same day Mrs. Pickron executed to Mrs. J. H. Killebrew a deed purporting to convey the property upon a consideration of $4340.43, evidenced by six promissory notes, secured by a deed from Mrs. Killebrew to the land. S. B. Pickron acted as agent for his wife in the transaction. There was no change of possession. J. H. Killebrew continued in possession of the farm, and was harvesting the crops. The deed from J. H. Killebrew to Mrs. Pickron was made for the purpose upon his part to hinder, delay, and defraud his creditors, and Smith in particular. All of the parties knew of the pendency of the suits instituted by Smith, and the several grantees knew at the time of accepting their respective deeds that J. H. Killebrew executed the deed to Mrs. Pickron for the purpose of hindering and delaying his creditors, as above stated. The several transactions were parts of a scheme by all of the parties thereto to enable J. H. Killebrew to carry out his said purpose. On September 20, 1933, Smith instituted an equitable action against the several persons above named, seeking discovery, cancellation of the deeds and notes, and appointment of a receiver for the purpose of collecting the amount of his judgments. The petition as amended alleged substantially all that is stated above. The defendants filed a demurrer on general and special grounds. The judge sustained one special ground of demurrer, and overruled the demurrer on all other grounds. The demurrants excepted.

■ "Every conveyance of property made with the intention to delay or defraud the creditors of the grantor is void against such creditors, where the grantee has knowledge of such intention or reasonable ground to suspect the same. Civil Code (1910), § 3224 (2)." *Hilburn* v. *Hightower,* 178 *Ga.* 534 (173 S. E. 389) ; Code of 1933, § 28-201 (2). The petition alleged a cause of action.

The demurrer did not specially make the point that the allegations of the petition failed to charge grounds for appointment of a receiver should it be held that it charged sufficient grounds for setting aside the deeds, and consequently no ruling will be made as to sufficiency of the allegations for appointment of a receiver.

■ The grounds of special demurrer which were overruled are without merit. *Judgment affirmed. All the Justices concur.*