## BOONE *v.* RABUN.

No. 11606. November 11, 1936.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*M. C. Barwick,* contra.

Gilbert, Justice. J. P. Rabun was the plaintiff in fi. fa., J. F.

Boone and Mrs. Mac Boone the defendants in fi. fa., and John Boone, their son, the claimant. The issue made by the claim affidavit was tried before a jury. During the progress of the trial the plaintiff in fi. fa. amended the entry of levy by setting up that the deed under which the claimant claimed was a voluntary conveyance made to hinder, delay, or defraud the plaintiff in fi. fa. A verdict and judgment were rendered in favor of the plaintiff in fi. fa. The claimant excepted and assigned error on the general grounds and on several special grounds stated in his amended motion for new trial. The claimant admitted a prima facie case, and assumed the burden of proof.

In addition to the general grounds, the claimant relies, for reversal, on the first and third special grounds in his motion for a new trial. The first was because the court charged the jury as follows: "I also charge you, gentlemen, with another principle of law, which I think is applicable in this case, and that is that every voluntary deed of conveyance, not for a valuable consideration, made by debtor insolvent at the time of such conveyance, is void as against creditors." The claimant contended that this charge amounted to an expression or intimation of an opinion that the deed involved was a voluntary deed of conveyance; and further, that such a deed is void only as to existing creditors at the time of making such deed. The third ground complained of the court's refusal to sustain a motion to dismiss the levy, on the ground that the suit in which the judgment on which the execution was based was rendered contained no prayers for, and no notice of, attorney's fees; and of the court's permitting counsel for the plaintiff in fi. fa. to strike the attorney's fees and let the execution stand; the claimant contending that the superior court had no authority to amend a judgment rendered in the city court of Louisville, and that said levy should have been dismissed.

■ The judgment of the court on which the fi. fa issued included a separate finding of $54 as attorney's fees. There was no compliance with the statute under which a recovery of such fees is authorized. Such recovery was therefore void. Claimant moved to dismiss the levy for that reason; the court overruled the motion; and that judgment forms a ground of the motion for a new trial. *Held,* no error, because no injury is shown. This court directs that on return of the remittitur to the trial court the

plaintiff in fi. fa. write off the judgment the $54 as attorney's fees. *Merrill* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104) ; *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951).

■ Movant complains of the following charge of the court: "I also charge you, gentlemen, with another principle of law, which I think is applicable in this case, and that is that every voluntary deed of conveyance is void as against creditors." The claimant contended that said charge amounted to an expression or intimation of an opinion that the deed involved was a voluntary deed of conveyance; and further, that such a deed is void only as to existing creditors at the time of making such deed. Considered in connection with the entire charge, no error appears. The remaining special grounds of the motion were expressly abandoned.

■ There was evidence to support the verdict. The conveyance of the land was from mother to son. While the judgment on which the fi. fa. issued and was levied was rendered after February 3, 1932, the date of the deed, and after February 5, 1932, the date on which the deed was recorded in the office of the clerk of the superior court, the debt of the plaintiff in fi. fa. had existed since 1920, and a judgment was recovered thereon before the conveyance was made to the claimant; but that judgment was later declared void as to Mrs. Boone, because she had not been served. These and other circumstances were sufficient to put the claimant on notice that his mother, his grantor, was being pressed and sued by creditors. The bona fides of the transaction between near relatives being a question for the jury, and there being some evidence to support the finding, the verdict will not be set aside. On this question see the opinions and the citations in the following cases: *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65) ; *Hilburn* v. *Hightower,* 178 *Ga.* 534 (173 S. E. 389) ; *Fields* v. *Marchman,* 179 *Ga.* 613 (176 S. E. 635) ; *Greene* v. *Matthews,* 31 *Ga. App.* 265 (120 S. E. 434).

*Judgment affirmed. All the Justices concur.*