CUNNINGHAM, trustee, *v.* AVAKIAN *et al.*

BELL, Justice. This was a suit by a trustee in bankruptcy, to cancel two deeds conveying real estate and alleged to have been made by the bankrupt, a few days before the filing of his petition in bankruptcy, with the intention of delaying and defrauding his creditors, such intention, the petition alleged, being known to the grantee. The court refused to give judgment against the grantee for alleged failure to comply with a notice to produce, and at the close of the evidence granted a nonsuit. To both of these rulings the plaintiff excepted. *Held:*

1. "Before judgment can be entered against a party for failure to produce books or papers in accordance with a notice served upon him in terms of the statute, it is necessary that there should be a peremptory written order made by the judge and entered upon the minutes of the court, requiring the party to produce the books or papers within a reasonable time, according to the circumstances of the case." *Marshall* v. *McNeal*, 114 *Ga.* 622 (40 S. E. 796). See also *Parish* v. *Weed Sewing Machine Co.*, 79 *Ga.* 682 (7 S. E. 138) ; *Stiger* v. *Monroe*, 97 *Ga.* 479 (2) (25 S. E. 478) ; *Ray* v. *Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (2) (32 S. E. 603). In the instant case, the judge passed no peremptory order, and there is no exception to his failure to do so. For this reason, regardless of other questions, the court did not err, as contended, in refusing to give judgment against the grantee "as in case of judgment by default." Code, § 38-803.

2. Every conveyance of property made with the intention of delaying or defrauding the creditors of the grantor is void against such creditors, where the grantee has knowledge of such intention or reasonable ground to suspect the same. Code, § 28-201 (2).

3. Under the evidence adduced, showing close business and social relations between the defendants for a long period of years, and disclosing many unusual transactions between them, such as repeatedly conveying from one to the other identical property under circumstances tending to show insufficient commercial reason, with testimony that in one instance the grantee expressed interest in accepting a conveyance for the purpose of protecting the property from the grantor's creditors, and including other circumstances which might be considered as badges of fraud, the jury would have been authorized to find that the deeds were made with the fraudulent intention alleged, and that the grantee knew of such intention or had reasonable ground to suspect the same. *Glenn* v. *Burgess*, 160 *Ga.* 348 (2) (127 S. E. 757); *McLendon* v. *Reynolds Grocery Co.*, 160 *Ga.* 763 (129 S. E. 65); *Eberhardt* v. *Bennett*, 163 *Ga.* 796 (3) (137 S. E. 64); *Hilburn* v. *Hightower*, 178 *Ga.* 534 (173 S. E. 389).

4. The fact that the plaintiff may not have proved that the deeds were antedated, as alleged in the petition, did not require a nonsuit, in view of other evidence sufficient to show fraud on the part of the grantor, with knowledge thereof or reasonable ground to suspect the same on the part of the grantee. *Kelly* v. *Locke*, 186 *Ga.* 620 (3), 629 (198 S. E. 754); *Orr* v. *Dawson Telephone Co.*, 35 *Ga. App.* 560 (133 S. E. 924).

*Judgment reversed. All the Justices concur.*

No. 12686. FEBRUARY 17, 1939.

*F. M. Gleason,* for plaintiff. *Rosser & Shaw,* for defendants.