24575.   CLARK v. PERRIN et al.

SUBMITTED APRIL 8, 1968—DECIDED APRIL 22, 1968.

*W. T. Mobley,* for appellant.

*David J. Heinsma, Hull, Towill & Norman,* for appellees.

MOBLEY, Justice.   This appeal is from a judgment dismissing

the equitable petition of Henry N. Clark brought in Richmond Superior Court against Charlie Perrin, Fred Perrin, and Rosa Perrin Morton, residents of Richmond County, and Powelletta Perrin, Wallace Perrin, Lonie Perrin, Ruby Perrin Hudgins, Leila Perrin Jones, Mattie Perrin Fountain, Claude Perrin, and Maude Perrin Watkins, nonresidents.

The petition alleged: The defendants are all of legal age, and are all of the heirs at law of Edward Perrin, who died intestate in Richmond County in 1945, owning described real estate in Columbia County. In April 1963 Charlie Perrin brought a petition in the Court of Ordinary of Richmond County praying for an order that no administration was necessary on the estate of Edward Perrin. For the purpose of obtaining the order that no administration was necessary, all the heirs at law of Edward Perrin, in August 1963 entered into the following agreement: "We, the heirs at law of Edward Perrin, deceased, hereby agree to an order of no administration necessary upon his said estate, and further agree that Charlie Perrin is to own in fee simple the real estate owned by Edward Perrin located in Columbia County, Georgia." On October 9, 1963, an order that no administration was necessary was entered in the Court of Ordinary of Richmond County, Georgia. In October 1963 Charlie Perrin by warranty deed conveyed to the petitioner the described property in Columbia County owned by Edward Perrin, for which the petitioner paid $4,500. The petitioner is the lawful owner of the land, and is in possession thereof. He desires to sell the land but it is contended by the proposed purchaser that there is a "cloud" upon his title because there is no deed from Edward Perrin's heirs. He prayed that the court decree fee simple title to the described property in him, that all clouds be removed from his title, and for other and further relief.

All of the defendants except Charlie Perrin filed demurrers to the petition. The trial judge, in an order entered after the effective date of the Civil Practice Act (Ga. L. 1967, pp. 226, 250; Code Ann. § 81A-186), treated the general demurrers of the defendants as motions to dismiss for failure to state a claim upon which relief can be granted, and dismissed the petition.

Where the interests of creditors are not involved, the heirs of

an intestate, when of legal age, may settle up the estate as they choose among themselves, and such family settlements are greatly favored by the courts. *Wilson v. Whitmire,* 212 Ga. 287 (92 SE2d 20); *Reynolds v. Bowles,* 213 Ga. 534 (100 SE2d 198). Since upon the death of the owner of realty, which estate survives him, the title vests immediately in his heirs at law, subject to the payment of debts (*Code* § 113-901), where the heirs make a settlement of the estate without an administration, they should make conveyances pursuant to the settlement in order to divest themselves of the legal title of the intestate's estate.

In *Williams v. Williams Co.,* 122 Ga. 178 (5) (50 SE 52, 106 ASR 100), where heirs adopted an irregular and unconfirmed report of appraisers appointed to distribute the estate, and obtained a nunc pro tunc order of the ordinary making this report the judgment of the court of ordinary, it was held: "Where a consent division of an estate has been made, each heir, without deed or further conveyance, acquires a perfect equity in the property set apart to him, and loses all interest in that assigned to the other distributees."

Under the allegations of the petition in the present case all the heirs of Edward Perrin, for the purpose of obtaining an order that no administration was necessary, entered into an agreement in which they specifically agreed to place title to the real estate of the intestate in Columbia County in Charlie Perrin. This agreement sufficiently identified the property which would belong to Charlie Perrin. An order was obtained from the court of ordinary, based on this agreement, that no administration was necessary on the estate of Edward Perrin, as provided by Ga. L. 1958, pp. 355, 356 (*Code Ann.* § 113-1232). Charlie Perrin thus acquired a perfect equity in the property described in this agreement. The petitioner acquired this equity by the warranty deed from Charlie Perrin to him, and the allegations of his petition were sufficient to show that he had a claim upon which relief could be granted on his prayer that the court decree fee simple title to the property in him.

The Civil Practice Act (Ga. L. 1966, pp. 609, 625; *Code Ann.* § 81A-113 (g)), provides that co-parties may plead cross claims against each other. The co-defendants in the present action may

litigate between themselves any issues arising out of the settlement agreement pleaded by the petitioner, as well as issues between the petitioner and the defendants.

It was error to dismiss the petition on the ground that it failed to state a claim upon which relief can be granted.

*Judgment reversed. All the Justices concur.*