26969. YOUNG v. BOZEMAN et al.

Argued January 10, 1972—Decided June 15, 1972.

*Self & Self, Tillman E. Self, J. Phillip Self,* for appellant.
*James G. Maddox, E. L. Stephens, Jr., Wm. Malcolm Towson,* for appellees.

HAWES, Justice. Barbara Bozeman Young, individually and as administratrix of the estate of Benjamin T. Bozeman, deceased, appealed to this court from orders and judgments of the trial court which were adverse to her and which had been entered in an equitable partitioning proceeding brought by B. W. Bozeman in the Superior Court of Twiggs County. At issue in the trial court was the title to some seven separate parcels of land comprising approximately 400 acres which was the estate in land of the plaintiff's grandmother, Martha Jane Bozeman. The record before this court discloses the following relevant facts: Martha Jane Bozeman, who died intestate in 1949, was survived by four of her seven children and by the heirs at law of the other three children. In 1945, she executed and delivered to one of her sons, Benjamin T. Bozeman, a warranty deed to 103 acres of land, more or less, in consideration of "ten dollars and other valuable considerations." After her death, Benjamin T. Bozeman acquired for a valuable consideration the undivided one-seventh interest in said estate devolving to the heirs of his deceased brother, Shield Lloyd Bozeman. Thereafter, Benjamin T. Bozeman, together with the other heirs of Martha Jane Bozeman, undertook to effect a division in kind of her estate in lands by exchanging mutual quitclaim deeds to various portions of said estate and by oral agreement. Pursuant to that division, the plaintiff, Burke W. Bozeman, and certain other of the heirs, not necessary here to detail, went into possession of various portions of said estate in consummation of that agreement. It appears, though the record is unclear as to exactly how the quantity of land is arrived at, that Benjamin T. Bozeman was thereafter in exclusive possession of 146 acres of land which included his share of the said Martha Jane Bozeman estate and the share which he purchased from the

heirs of Shield Lloyd Bozeman, and also included the land deeded to him by his mother during her life, less approximately 50 acres thereof which he deeded to Roy D. Bozeman, one of the defendants, in 1948. In 1968, one acre of this tract was conveyed for a valuable consideration to the defendant Royce Long by warranty deed jointly executed by Benjamin T. Bozeman and by Mrs. Clifford R. Bozeman.

Prior to October, 1953, Benjamin T. Bozeman was married to Clifford R. Bozeman, one of the defendants in this case. On October 19, 1953, Mrs. Clifford Bozeman filed suit for divorce against Benjamin T. Bozeman. Service on that suit was perfected on Benjamin T. Bozeman on March 29, 1954. In the meantime, and on January 15, 1954, Benjamin T. Bozeman executed a warranty deed to his sister, Ada Bozeman Burns, one of the named defendants in this case, purporting to convey to her in consideration of the "sum of five dollars and of the natural love and affection" which he had for the grantee 103 acres, more or less, excepting therefrom the approximately 50 acres previously deeded to Roy D. Bozeman and also all of his undivided interest in and to the lands comprising the Martha Jane Bozeman estate. That deed was recorded on January 16, 1954. Notice of lis pendens on the divorce suit between Clifford Rozier Bozeman and Benjamin T. Bozeman was filed in the office of the clerk of the superior court on August 24, 1956, and a final verdict and decree in the divorce case was entered on July 8, 1957. In that case the jury awarded to the plaintiff "the land in question, with no permanent alimony, and pursuant thereto the court undertook to decree title in Mrs. Clifford R. Bozeman to lands, the description of which, as incorporated in the decree, apparently was intended to include all the lands which Benjamin T. Bozeman then owned. No order canceling the deed from Benjamin T. Bozeman to Ada Bozeman Burns was embodied in that decree.

On November 20, 1965, Mrs. J. C. Burns, Sr. (also known as Mrs. Ada Bozeman Burns) reconveyed to Benjamin T. Bozeman by quitclaim deed for a consideration of five dollars the same land which he had conveyed to her in 1954.

Benjamin T. Bozeman died on January 6, 1969, and Mrs. Clifford R. Bozeman went into possession of the 145 acres of land, more or less, which is the subject matter of the dispute between her and Mrs. Barbara Bozeman Young in this case. Barbara Bozeman Young, the daughter of Benjamin T. Bozeman, applied for and was awarded letters of administration on his estate. As one of the defendants in the trial court, she claimed title to the 103 acres of land, less the approximately 50 acres which Benjamin T. Bozeman had sold to Roy Davis Bozeman, and also a one-seventh undivided interest in the estate of Martha J. Bozeman which Benjamin T. Bozeman had purchased from the heirs of Shield Lloyd Bozeman excepting such interest in approximately 48 acres transferred to Mrs. Ada B. Burns and a one-seventh undivided interest in the estate of Martha J. Bozeman which Benjamin T. Bozeman possessed in his own right, excepting such interest in approximately 48 acres transferred to Mrs. Ada B. Burns.

At the conclusion of the evidence, the trial court directed verdicts in favor of the plaintiff, Burke W. Bozeman, and in favor of the defendants, Mrs. Myrtle Bozeman Williams, Mrs. Mollie S. Bozeman, Mrs. Ada Bozeman Burns, Roy Davis Bozeman, Mrs. Clifford R. Bozeman and Royce Long, and thereafter entered up judgments decreeing title in said parties to the respective tracts of land of which, the evidence showed, such parties had been in possession since the time of the division of the Martha Jane Bozeman estate among her heirs in 1949, except as to the defendant, Royce Long, who, as previously stated, acquired his 1-acre tract in 1968 from Benjamin T. Bozeman and Mrs. Clifford R. Bozeman and who was in possession thereof under said deed at the time of the trial.

Mrs. Barbara Bozeman Young, individually and as administratrix of the estate of Benjamin T. Bozeman, appealed, and she contends that the court erred in failing to direct a verdict in her favor with respect to the tracts of land and interests in the estate of Martha J. Bozeman which she claimed in the trial court as outlined above.

■ "Upon the death of the owner of any estate in realty, which estate survives him, the title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts, the purposes of distribution, and other purposes provided for in this title." *Code Ann.* § 113-901. Under the evidence in this case, there was no administration had on the estate of Martha Jane Bozeman, and her heirs became tenants in common of her estate in lands upon her death, subject to the payment of debts if any. The rights of creditors of Martha Jane Bozeman are not involved. The evidence shows that after her death her heirs undertook a division in kind of the real estate which she owned and consummated that agreement by each of those who received shares under the agreement going into possession thereof. Apparently, Benjamin T. Bozeman, by virtue of the deed received from his mother and pursuant to the agreement for a division in kind, and pursuant to his purchase from the heirs of Shield Lloyd Bozeman went into possession of approximately 146 acres, one acre of which he and Mrs. Clifford R. Bozeman deeded to the defendant Royce Long in 1968. It is not clear how the parties arrive at the quantity of 145 acres, but the quantity is not important for the purposes of this decision because both the decree in the divorce case and the judgment and decree in this case unquestionably undertake to deal with the entire quantum of land which he had at the time of the divorce case, awarding all of it, except one acre deeded by them to Royce Long, to Mrs. Clifford R. Bozeman. "Where tenants in common agree by parol upon a partition, defining in the agreement the boundaries of the part assigned to each in severalty, and each enters into possession, thus executing the agreement, the partition clothes each with a perfect equity and is thus the equivalent of legal title." *Adams v. Spivey,* 94 Ga. 676 (20 SE 422). To the same effect, see also *Welchel v. Thompson,* 39 Ga. 559 (2) (99 AD 470); *Ralph v. Ward,* 109 Ga. 363 (2) (34 SE 610); *Yaughn v. Harper,* 151 Ga. 187, 190 (106 SE 100); *Williams v. Williams Co.,* 122 Ga. 178 (5) (50 SE 52,

106 ASR 100); *Reed v. Mathewson,* 146 Ga. 819, 821 (92 SE 632); *Smith v. Smith,* 133 Ga. 170 (6) (65 SE 414). Such settlements are highly favored by the courts and, where the rights of third parties have not intervened, will generally be upheld. *Clark v. Perrin,* 224 Ga. 307, 309 (161 SE2d 874). Applying the foregoing rules, we hold that under the evidence in this case a finding was demanded that Benjamin T. Bozeman acquired a perfect equity in the 145 acres of land here in dispute and that the other heirs of Martha Jane Bozeman acquired perfect equities in their respective portions of the estate of Martha Jane Bozeman which were allotted to them by the agreement of the heirs and that after the consummation of that settlement Benjamin T. Bozeman had no further interest in the estate of his mother, Martha Jane Bozeman. It follows that neither Barbara Bozeman Young nor Mrs. Clifford Bozeman has any interest in the estate of Martha Jane Bozeman as such, but that whatever rights they have attach only to the 145 acres of land in question which was the share in such estate acquired by Benjamin T. Bozeman by inheritance and purchase.

Insofar as the appeal of Barbara Bozeman Young raises questions as to the correctness of the action of the trial court in directing verdicts in favor of the plaintiff Burke W. Bozeman and in favor of the defendants Mrs. Myrtle Bozeman Williams, Mrs. Mollie S. Bozeman, Mrs. Ada Bozeman Burns, Roy Davis Bozeman and Royce Long, the foregoing disposes of the appellant's contentions adversely to the appellant. With respect to the judgment of the trial court directing verdicts as to the parties just enumerated and in entering judgments in accordance therewith, the trial court did not err as respects the rights of the appellant, Barbara Bozeman Young.

■ The only remaining question presented by the appeal concerns the dispute between Mrs. Young and Mrs. Clifford R. Bozeman as to the ownership of the 145 acres of land described in paragraph 19 (e) of the complaint, the same being the land remaining in the share of Benjamin T. Boze-

man in the estate of Martha Jane Bozeman. The solution of this question turns upon the legal effect, if any, which the warranty deed executed by Benjamin T. Bozeman to Mrs. Ada Bozeman Burns on January 15, 1954, had upon the rights of the parties. If that conveyance was a valid conveyance it divested Benjamin T. Bozeman of title to the property in question, such that the subsequent entry of the decree in the divorce case fixing title to such property in Mrs. Clifford R. Bozeman could not have been effective as against the grantee and those in privity with her among whom would be Mrs. Barbara Bozeman Young. Transactions between near relatives, such as brother and sister, "are to be scanned with care and scrutinized closely, and slight evidence of fraud between them may be sufficient to set aside the transaction. *McLendon v. Reynolds Grocery Co.,* 160 Ga. 763 (5) (129 SE 65)." *Hilburn v. Hightower,* 178 Ga. 534 (3) (173 SE 389). "Possession retained by the vendor after an absolute sale of real property is prima facie evidence of fraud, although it may be explained and rebutted. *Stephens v. Southern Cotton Oil Co.,* 147 Ga. 410 (2) (94 SE 245)." *Hilburn v. Hightower,* supra (hn. 2). See *Fleming v. Townsend,* 6 Ga. 103 (1); *Fields v. Marchman,* 179 Ga. 613 (176 SE 635). Ordinarily, where a transaction between near relatives "is attacked by a creditor as fraudulent, and there are other circumstances besides the relationship which if not satisfactorily explained may be regarded as badges of fraud, the issues are matters to be determined by the jury. *Kelley v. Stovall,* 138 Ga. 186 (75 SE 6)." *Hilburn v. Hightower,* supra (hn. 4). See *Boone v. Rabun,* 183 Ga. 318 (3) (188 SE 524); *Dickson v. Citizens Bank &c. Co.,* 184 Ga. 398 (4) (191 SE 379); *Cunningham v. Avakian,* 187 Ga. 575 (3) (1 SE2d 433). However, "if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Ga. L. 1967, pp. 226, 237 (*Code Ann.* § 81A-150 (a)).

The undisputed facts as shown by the evidence of all the

witnesses who testified as to this question are that Benjamin T. Bozeman, after acquiring the property in question from his mother and in the division of her estate after her death had exclusive possession of it, and, after deeding a portion of it to his sister, remained in exclusive possession of it and continued to live on the property, control it, and exercise dominion over it enjoying all of the incidents of ownership, realizing all of the rents and profits, receiving all of the subsidies from government support programs either for himself or in conjunction with his nephew with whom he entered into agreements for the tilling of the land as a tenant; that he remarried a few years after Mrs. Clifford R. Bozeman divorced him and brought his second wife to the property where they lived as man and wife for several years; that he returned the property for taxes in his own name and paid the taxes himself and that he died 14 years after having deeded the property to Mrs. Burns while still living thereon. While Mrs. Burns held paper title to the property for more than 11 years, she never went into any sort of possession, never paid the taxes accruing on the property, never received any of the profits or rentals ensuing therefrom, and never exercised any of the incidents of ownership or dominion over the same during the entire time. Furthermore, when she reconveyed the property to him he took the deed from her and retained possession thereof but did not record the same. As the recited facts set forth in the statement of facts above show, the deed which he made to Mrs. Burns was made after the suit for divorce was filed by Mrs. Bozeman, though before any service was had on him. Not one line of testimony in explanation of these transactions was offered by the appellant or on her behalf, though Mrs. Burns who would have been the most logical source of an explanation, if there was one, was a party to the case and available as a witness or to testify by deposition. Under all the facts and circumstances thus proved, and the failure of the appellant to produce available evidence, the inference is demanded that the conveyance to Mrs. Burns was solely for the purpose of evading

any judgment affecting the title to the property which Benjamin T. Bozeman anticipated might be obtained in the divorce action brought against him by Mrs. Bozeman. He continued to the end of his life to exercise all of the incidents to ownership of the property and the inference is demanded that the conveyance to Mrs. Burns was merely a conveyance in trust for the benefit of the grantor and that the parties did not intend that Mrs. Burns would thereby take any beneficial interest in the property whatsoever. Under these circumstances, the judgment in the divorce case was effective to divest Mr. Bozeman of the beneficial and equitable title to the property in question, and when Mrs. Burns reconveyed to Mr. Bozeman the legal title to the very same property which he had conveyed to her and which had been set apart to Mrs. Bozeman in the divorce decree the legal title thereby became merged with the equitable title and Mrs. Bozeman immediately became vested with the complete fee simple title to the property.

The appellant, Mrs. Young, seeks to raise for the first time before this court the issue of laches on the part of Mrs. Clifford R. Bozeman. Laches is an affirmative defense which, like defense of the statutes of limitation must be especially and affirmatively pleaded before one may avail himself thereof. Ga. L. 1967, pp. 226, 230 (*Code Ann.* § 81A-108 (c)). The defendant, Barbara Bozeman Young, raised no such issues in her defensive pleadings filed in the trial court. Furthermore, the undisputed evidence by all of the witnesses who testified on the issue was that Mrs. Clifford R. Bozeman agreed, at the behest of the brothers, sisters, nieces and nephews of Benjamin T. Bozeman, to permit him to continue to live upon and use the property in question which had been awarded to her in the divorce decree because he had no place to live and because she said she did not hate him nor wish to be vindictive, but merely felt sorry for him. There was no showing that she had actual notice of the deed to Mrs. Ada Bozeman Burns. If she chose to permit Mr. Bozeman to continue to occupy and use her property, this was her privilege, and she cannot be

charged with laches because she did this.

Furthermore, there is no issue in this case as to the rights of innocent or bona fide purchasers for value. Mrs. Burns certainly was not such a purchaser. She was alive and had been served as a party defendant in this case. So far as appears, she was available to testify as a witness for the defendant, Mrs. Young, but Mrs. Young saw fit not to produce her, or to take her deposition. Thus, the presumption arises that whatever evidence Mrs. Burns would have given would not have been favorable to Mrs. Young. She certainly was not placed in the posture in this case of seeking to defend the validity of the warranty deed from her brother to her. There was no error in ordering that the deed from Benjamin T. Bozeman to Mrs. Burns and the deed from her to him be canceled and expunged from the record. Both Mrs. Burns and the legal representative of Mr. Bozeman were parties to this proceeding, so no question as to necessary parties arises.

It follows that the trial court did not err in directing the verdict in favor of Mrs. Clifford R. Bozeman and in rendering a judgment decreeing title in her to the 145 acres of land in question.

*Judgment affirmed. All the Justices concur.*